UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL | C.A. No.: 12-2059 C/W 12-2246, 12-2354, & 12-2363 |
| VERSUS | |
| | SECTION: "A" (4) |
| TEXAS BRINE CO., LLC, ET AL | |
| | **This Pleading Applies Only to:** Betty Cedotal, et al v. Texas Brine, et al, C.A. No. 12-2246 |

## CERTIFICATION ORDER AND OTHER RELATED ORDERS

On the 21 day of May, 2013, the Court considered whether the Class as Defined in the plaintiffs' Motion for Class Certification, Motion for Approval of Notice Plan, and Motion to Approve the Appointment of Class Counsel and Class Representatives ("the Plaintiffs' Motion") should be certified. After considering (i) the Plaintiffs' Motion, (ii) the memorandum submitted on behalf of the plaintiffs, (iii) the exhibits to the Plaintiffs' Motion, (iv) the record of this proceeding, including the evidence adduced at the hearing, (v) the representations and argument of counsel for the plaintiffs, and (vi) the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure:

IT IS ORDERED that the following class is certified:

## 1. DEFINED TERMS:

**1.1** "AREA" means the geographic area identified in the mandatory evacuation order issued by the Assumption Parish Office of Homeland Security and Emergency Preparedness on August 3, 2012, as shown on the map attached as Exhibit A.

**1.2** "BAYOU CORNE SINKHOLE EVENT" means the sinkhole that appeared on or about August 3, 2012, in the Bayou Corne/Grand Bayou area of Assumption Parish, Louisiana, and the subsequent mandatory evacuation order issued by the Ascension Parish Office of Homeland Security and Emergency Preparedness on August 3, 2012.

## 2. CLASS DEFINITION:

The class includes all individuals or entities who, on August 2, 2012, either:

(a) owned or leased property situated within the AREA;
(b) owned or operated a business that was physically located within or principally doing business within the AREA; or
(c) resided within the AREA;
*and* who claim to have suffered any damages allegedly caused by the BAYOU CORNE SINKHOLE EVENT.

## 3. CLAIMS NOT SUBJECT TO CLASS-WIDE ADJUDICATION:

**3.1  Claims, Causes of Action, or Defenses Requiring Evidence Unique to an Individual Member.** Any claim, cause of action, or defense that requires evidence that is predominately specific to an individual member of the class, such as, by way of example, a personal injury claim or other claim involving issues of causation or damages predominately dependent on individualized evidence not common to the class, will not be adjudicated as a class-wide basis. Nonetheless, upon certification of the class, the court will retain jurisdiction over all such claims, causes of action, and defenses and will establish appropriate case management procedures and protocols to identify and to adjudicate all such claims, causes of action, or defenses in a manner that comports with the due process and Seventh Amendment rights of the parties.

**3.2 Rights Reserved.** The parties reserve their respective rights to bring a motion to decertify the class if, at any time during the course of the proceedings after class certification but before final judgment is issued, it appears that the class certification requirements of Rule 23(b)(3) are not satisfied.

In so holding, the Court finds that the prerequisites of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied and that the class may be certified. Further, for purposes of class certification, it is determined that (a) the class members for the class are so numerous that joinder of all members is impracticable; (b) there are a number of questions of law and fact common to the class which predominate over any individual questions affecting only individual class members, such as the liability, *vel non*, of parties named as defendants in one or more of the consolidated cases, including Texas Brine Company, LLC and Occidental Chemical Corporation related to the development of the sinkhole; (c) a class action is superior to other available methods for the fair and efficient settlement of the controversy; (d) the claims and defenses of the representative parties are typical of the claims and defenses of the class; (e) the representative parties have and will fairly and adequately protect the interests of the class; (f) the class is defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the class for the purposes of the conclusiveness of any judgment that may be rendered in this matter; (g) the interests of the individual class members in controlling the prosecution of separate actions is outweighed by the interests of the class as a whole in bringing this matter to a successful conclusion; (h) there are no

sizable claims expected to be asserted by absent class members; (i) as the sinkhole occurred in Assumption Parish, it is proper that this controversy be concentrated in, considered and resolved in the United States District Court for the Eastern District of Louisiana; and (j) none of the current parties to the Class Action have objected to the certification of the class.

IT IS FURTHER ORDERED that the nomination of Lisa LeBlanc, Nathan LeBlanc, Ginger Vaughn, Clint Vaughn, Cherie Blanchard, Ross Blanchard, David Blanchard, Louis Altizan, III, Katherine Blanchard, Ethel Gaudet, Linda Cavalier, Allen Hill, and John Hill (hereinafter "Class Representatives") to serve as representatives for the Class is hereby approved.

IT IS FURTHER ORDERED that the nomination of Calvin Fayard from Fayard & Honeycutt, APC; Matthew Moreland from the Becnel Law Firm, LLC, Lawrence J. Centola, III from Martzell & Bickford, and Richard Perque, Attorney at Law to serve as counsel for the Class is hereby approved.

IT IS FURTHER ORDERED that Class Representatives shall file an amended consolidated class action complaint on or before the 4st day of June, 2013. Defendants shall file responsive pleading submit any answer or defense thereto on or before the 20th day of June.

IT IS FURTHER ORDERED that:

(1) The Notice Plan attached as Exhibit B hereto is approved as submitted and shall be implemented as written.

(2) The form and content of the mail/summary (publication) notice and detailed notice, attached as Exhibits 3 and 2, respectively, to the Notice Plan, are hereby approved, as fair and reasonable and providing all information necessary to clearly and concisely inform class members of (i) the nature of the action, (ii) the certification of the class and the definition of the class certified, (iii) the class claims, issues, and defenses, (iv) the ability of each class member to enter an appearance through counsel if the member so desires, (v) the ability of class members to opt out of the class and the manner, form, and time period in which opt outs are to take place, and (vi) the binding effect of any class judgment on class members under Rule 23(c)(3) of the Federal Rules of Civil Procedure, and (b) shall be disseminated, as provided for in the Notice Plan--the mail/summary (publication) notice to be used for mailing and publication purposes and the detailed notice to be posted on the neutral website.

(3) The Court finds that the form and method set forth in this order for notifying class members of (i) the nature of the action, (ii) the certification of the class and the definition of the class certified, (iii) the class claims, issues, and defenses, (iv) the ability of each class member to enter an appearance through counsel if the member so

desires, (v) the ability of class members to opt out of the class and the manner, form, and time period in which opt outs are to take place, and (vi) the binding effect of any class judgment on class members under Rule 23(c)(3) of the Federal Rules of Civil Procedure, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due, adequate, and sufficient notice to all potential members of the class.

(4)   The Court further finds that the mail/summary (publication) notice and the detailed notice, attached as Exhibits 3 and 2, respectively, to the Notice Plan, are written in plain English using language easily understood by class members, and they thus are hereby approved by the Court.

(5)   Any class member may opt out of the class by filing a written request to do so in the manner set forth in the mail/summary and detailed notices. Such request to opt out (i) must be made by letter or using the Exclusion Form to be placed on the neutral website, and (ii) must be mailed, via United States mail, postage prepaid, to the following address: Lawrence J. Centola, III, 338 Lafayette Street, New Orleans Louisiana 70130. Except for good cause shown, any request to opt out must be postmarked no later than the 11th day of July, 2013. Any class member who does not submit a timely and valid written request to opt out shall be bound by all subsequent proceedings, orders, and judgments in this matter (whether favorable or not), regardless of whether such class member is

currently, or subsequently becomes, a plaintiff in any other lawsuit against any of the defendants asserting any of the claims which are to be addressed in the class action.

IT IS FURTHER ORDERED that the prohibition on defendants contacting and negotiating individual settlements with members of a certified class is suspended and does not apply to the individuals identified on the list provided by defendants to plaintiffs on May 22, 2013. The suspension of this rule remains in effect until 5:30 p.m. on June 24, 2013.

Thus done and signed, this 28th day of May 2013, New Orleans, Louisiana.

_____
HONORABLE JAY ZAINEY
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA