UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL | CIVIL ACTION NO: 12-2059  C/W<br>12-2246, 12-2354, 12-2363, 12-2611,<br>13-4952, 13-5016 & 13-5038 |
| VS. | SECTION: "A" (4) |
| TEXAS BRINE COMPANY, LLC,<br>ET AL | **This Pleading Applies Only to<br>Ruiz, et al v. Texas Brine, et al<br>C.A. 13-5038** |

## TEXAS BRINE COMPANY, LLC'S ANSWER

Texas Brine Company, LLC ("Texas Brine") responds to the Petition for Damages ("the Complaint") as follows:

## FIRST DEFENSE

Texas Brine denies the individual allegations of the Complaint, except as specifically admitted below.  And now, further answering the individual allegations of the Complaint, Texas Brine states:

1. **On or about August 3, 2012, in a swamp area of Bayou Corne, workers discovered a giant sinkhole.  Crude oil and gases have been bubbling up from below the ground and the sinkhole has continued to grow and move to this day.  Experts remain baffled by the unprecedented disaster.**

Answer:      The allegations of Paragraph 1 of the Complaint require no response from Texas Brine.  To the extent a response is required, Texas Brine admits only that a sinkhole appeared on August 3, 2012 in the Bayou Corne area.  The remaining allegations are denied as written.

2.      **Residents of the Bayou Corne community in Assumption Parish were forced to evacuate the area as a result or the massive sinkhole. Seismic activity and the threat of explosion from trapped and escaping gases forced the evacuation of hundreds of local residents. The disruption of daily life has been unsettling and extremely frustrating for residents looking for answers.**

Answer:      The allegations of Paragraph 2 of the Complaint are denied as written. Texas Brine admits only that the Assumption Parish government issued an evacuation order for a certain area. No resident was forced to evacuate the area, and in fact, many residents remained in their homes and did not evacuate.

3.      **Many of the more than 350 residents forced to evacuate have been away from their homes since August of 2012 (nine months). Many families have lived in the Bayou for generations and find themselves trapped in campers and distant motels trying to figure out if they will ever be able to return home.**

Answer:      The allegations of Paragraph 3 of the Complaint require no response from Texas Brine. To the extent a response is required, Texas Brine denies the allegations for lack of information sufficient to justify a belief as to the truth thereof.

4.      **Upon information and belief, Defendants Texas Brine Company, LLC ("Texas Brine") and Occidental Chemical Corporation ("Occidental") jointly owned, operated, controlled and supervised various parts of the Napoleonville Salt Dome and Oxy Geismer Well No. 3, the failed salt mine believed to be the cause of the massive Assumption Parish sinkhole referenced above.**

Answer:      The allegations of Paragraph 4 of the Complaint require no response from Texas Brine. To the extent a response is required, Texas Brine denies the allegations as written. Texas Brine admits only that it operated what is commonly known as Oxy Geismar Well No. 3.

5.      **Upon information and belief, Miller Engineers & Associates, Inc. ("Miller") participated in the development and or design implementation of the failed salt cavern for production.**

Answer:      The allegations of Paragraph 5 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations of

Paragraph 5.

6.      **One of the parties responsible for this preventable disaster, Texas Brine has exploited the salt caverns of the Napoleonville Dome for over four decades. Texas Brine is the self-proclaimed largest independent brine producer in the United States.  The company operates salt wells in Assumption Parish, injecting water into an underground salt dome to leach out brine.  The sodium chloride is used by the nearby petrochemical industries that line the Mississippi River between New Orleans and Baton Rouge.**

Answer:      The allegations of Paragraph 6 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations as

written. Specifically, Texas Brine denies that it is liable to plaintiffs for any reason or in

any amount whatsoever.

7.      **A collapsed cavern abandoned for integrity issued years ago by Texas Brine has been deemed the cause of the sinkhole, hereinafter referred to as the "site."**

Answer:      The allegations of Paragraph 7 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations.

8.      **Since at least 2010, Texas Brine has been aware that the integrity of the Napoleonville Dome's outer wall was in jeopardy and posed significant threat to life and property.  Defendants chose to conceal this information from the public in order to escape responsibility for any damages arising therefrom.**

Answer:      The allegations of Paragraph 8 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations.

9.      **Moreover, as a result of the Defendants' improper creation, use and maintenance of the caverns and Defendants' deliberate and intentional release, disposal and/or emission of dangerous chemicals on and around the site, gases and chemicals have migrated and continue to migrate into the surrounding neighborhoods and onto properties owned, occupied and controlled by residents of the surrounding communities, including Plaintiffs, causing such properties to be contaminated, damaged and devalued.**

Answer:      The allegations of Paragraph 9 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations.

## THE PLAINTIFFS

10.     **Made Plaintiffs herein are as follows:**

1.      **John Ruiz, a person of the full age of majority and domiciled in the Parish of Assumption, State of Louisiana;**

2.      **Vera Ruiz, a person of the full age of majority and domiciled in the Parish of Assumption, State of Louisiana;**

Answer:      The allegations of Paragraph 10 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations for

lack of information sufficient to justify a belief as to the truth thereof.

11.     **John and Vera Ruiz are individuals who owned land and/or residences in the affected area and who, as a result of the sinkhole and its effects, have suffered monetary losses, destruction of property, damage to property, diminution in property value and injuries to their persons and mental and emotional health.**

Answer:      The allegations of Paragraph 11 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations for

lack of information sufficient to justify a belief as to the truth thereof.

## THE DEFENDANTS

**12.    Made Defendants herein are:**

      **1.    Texas Brine Company, LLC, a foreign company authorized to do and doing business in the Parish of Assumption, State of Louisiana;**

      **2.    Occidental Chemical Corporation, a foreign company authorized to do and doing business in the Parish of Assumption, State of Louisiana; and**

      **3.    Miller Engineers & Associates, Inc., a Louisiana company with its principal place of business and registered office in the Parish of St. Mary, State of Louisiana.**

Answer:    The allegations of Paragraph 12 of the Complaint are admitted only insofar

as they correctly identify the status of Texas Brine.

**13.    Each of the Defendants named herein (collectively "Defendants"), was the agent, joint venturer, or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency, employment, or joint venture with the advance knowledge, acquiescence, or subsequent ratification of each and every remaining Defendant.**

Answer:    The allegations of Paragraph 13 of the Complaint are denied.

**14.    Plaintiffs are informed and believe that Defendants are responsible, negligently, intentionally and/or in some actionable manner, including as corporate successor liable for the acts of its predecessor, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally to Plaintiffs, as alleged, either through each Defendants' own conduct, or through the conduct of its agents, servants or employees, or due to the ownership, maintenance or control of the instrumentality causing them injury, or in some other actionable manner.**

Answer:    The allegations of Paragraph 14 of the Complaint are denied.

15.     Moreover, upon information and belief, Defendants' acts in fraudulently concealing and deceiving Plaintiffs regarding Defendants' release of dangerous substances from the site, and the existence of such substances in the air, groundwater, surface and subsurface soil and environment, were willful, malicious, intentional, and undertaken with a conscious disregard for the rights and safety of the Plaintiffs.  Defendants' fraudulent, willful, deceitful, malicious and intentional acts have caused Plaintiffs to suffer great harm.

Answer:     The allegations of Paragraph 15 of the Complaint are denied.

16.     Despite being required by law to do so, Defendants failed to disclose to the public, including Plaintiffs, the danger with which they were living.  Upon information and belief, Defendants' wrongful conduct was purposeful and deliberate, and Defendants acted with conscious and reckless disregard of the hazards and threats to Plaintiffs.  Defendants' conduct was and is outrageous, willful, malicious and intentional.  Defendants have caused Plaintiffs great and irreparable harm.  Plaintiffs are therefore entitled to recover punitive or exemplary damages from the Defendants.

Answer:     The allegations of Paragraph 16 of the Complaint are denied.

## VENUE AND JURISDICTION

17.     Venue in this Court is proper according to Louisiana Code of Civil Procedure article 42 and 74, *et seq*, as incidents giving rise to this action all occurred in the State of Louisiana, Parish of Assumption.

Answer:     The allegations of Paragraph 17 of the Complaint contain legal conclusions

that require no response from Texas Brine.  Texas Brine admits only that the sinkhole is

located in Assumption Parish, Louisiana.

18.     This Court has jurisdiction over the Defendants named herein because such Defendants operate and control facilities within the Parish of Assumption, State of Louisiana.

Answer:     The allegations of Paragraph 18 of the Complaint contain legal conclusions

that require no response from Texas Brine.

3839147_1.DOCX                                    - 6 -

19.   **Plaintiffs have suffered foreseeable injury and damage as a proximate result of Defendants' actions and failure to act in that Plaintiffs' real and personal property has been damaged and/or trespassed upon. Plaintiffs' property rights have been violated, and the value of Plaintiffs' homes have been destroyed.**

Answer:      The allegations of Paragraph 19 of the Complaint are denied.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

20.   **Plaintiffs repeat and reallege paragraphs 1 through 19 of this Petition and incorporate them herein by reference as though set forth in full.**

Answer:      The allegations of Paragraph 20 of the Complaint require no response from

Texas Brine. To the extent a response is required, Texas Brine repeats and realleges its

responses to Paragraphs 1 through 19 of the Complaint as if copied in extensio herein.

21.   **Defendants owned, created, occupied, operated and/or managed a salt cavern facility in and around the sinkhole site.  As owners and/or operators of the site, Defendants were under a duty to act reasonably and to exercise ordinary care and skill in use and management of the site so as to avoid subjecting others to unreasonable risk of danger or injury.**

Answer:      The allegations of Paragraph 21 of the Complaint contain legal conclusions

that require no response from Texas Brine.  To the extent an answer is required, Texas

Brine denies that it breached any duty it may have had, and specifically denies it is liable

to plaintiffs for any reason or in any amount whatsoever.

22.   **Defendants failed to use ordinary or reasonable care in conducting their operations including that, among other things, the Defendants improperly designed, maintained, inspected, used, stored, released, transported, distributed, packaged, emitted and/or disposed of dangerous materials at and from the aforementioned site.  Such other acts of negligence and omissions as will be discovered and shown at the trial of this matter.**

Answer:      The allegations of Paragraph 22 of the Complaint are denied.

23.   **Defendants failed to promulgate, implement and enforce rules and regulations pertaining to the safe operation of the tasks being performed, failed to implement sufficient procedures and work practices and failed to properly hire and train its employees and other involved personnel.**

Answer:      The allegations of Paragraph 23 of the Complaint are denied.

24.   **Defendants knew, or with the exercise of reasonable care and skill should have known, that the failure to act with ordinary care would subject local residents to danger.  Defendants created an unreasonable risk of harm to persons living and working at the Sites and in the neighborhoods and communities surrounding the Site.**

Answer:      The allegations of Paragraph 24 of the Complaint are denied.

25.   **Defendants, and each of them, breached their duty when they failed to exercise ordinary care and skill in their use and management of the site so as to prevent and/or reduce fugitive emissions and releases of dangerous chemicals into the water, air and surrounding environment.  Defendants failed to properly investigate, test, and/or remediate the sites and their surrounding neighborhoods.**

Answer:      The allegations of Paragraph 25 of the Complaint are denied.

26.   **Defendants did not ever warn the public, including the Plaintiffs, about Defendants' conduct at the sites, or the risk of harm to Plaintiffs as a result of Defendants' conduct at the site, despite Defendants' superior knowledge about such risk of harm.  Defendants failed to warn, or to adequately warn, the past, present or prospective residents of the neighborhoods surrounding the sites.**

Answer:      The allegations of Paragraph 26 of the Complaint are denied.

27.   **Defendants failed to timely and adequately react to the incident and failed to take appropriate action to avoid, avert or mitigate against this incident.**

Answer:      The allegations of Paragraph 27 of the Complaint are denied.

28. **The acts of the Defendants, as herein alleged, constitute violations of the duty of ordinary care and skill owed by Defendants to Plaintiffs. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs have suffered and will suffer from great physical, mental and emotional pain and suffering.**

Answer:    The allegations of Paragraph 28 of the Complaint are denied.

29. **As a further direct and proximate result of Defendants' negligent acts and omissions as herein described, Plaintiffs have suffered and will continue to suffer damage to their real and personal properties, including but not limited to the diminution in value of Plaintiffs' property values and stigma damages. All of the above damages will be established according to proof.**

Answer:    The allegations of Paragraph 29 of the Complaint are denied.

## SECOND CAUSE OF ACTION
### NEGLIGENCE PER SE

30. **Plaintiffs repeat and reallege paragraphs 1 through 29 of this Petition and incorporate them herein by reference as though set forth in full.**

Answer:    The allegations of Paragraph 30 of the Complaint require no response from Texas Brine. To the extent a response is required, Texas Brine repeats and realleges its responses to Paragraphs 1 through 29 of the Complaint as if copied in extensio herein.

31. **During the time of the acts and omissions by Defendants, various statutes, ordinances and regulations existed regarding the use, mining, testing, storage, handling, release and disposal of hazardous substances and materials.**

Answer:    The allegations of Paragraph 31 of the Complaint contain legal conclusions that require no response from Texas Brine. To the extent an answer is required, Texas Brine denies that it violated any statute, ordinance or regulation regarding the use, mining, testing, storage, handling, release or disposal of hazardous substances and materials. Texas Brine further denies it is liable to plaintiffs for any reason or in any amount whatsoever.

3839147_1.DOCX                          - 9 -

32.   **Plaintiffs are informed and believe and thereon allege that during the time of the aforementioned acts and omissions by Defendants, Defendants failed to comply with or adhere to applicable statutes, ordinances and/or regulations, and breached their statutory duties of care regarding use, testing, mining, storage, handling, release and disposal of such hazardous substances and materials. Defendants' failure to comply with their statutory duties of care constitutes negligence per se.**

Answer:       The allegations of Paragraph 32 of the Complaint are denied.

33.   **As a proximate result of Defendants' violation of the statutes and negligence per se, Plaintiffs have suffered and will suffer from great physical, mental and emotional pain and suffering.  As a further direct and proximate result of Defendants' violation of the statutes and negligence per se, Plaintiffs have suffered and will continue to suffer damage to their real and personal properties, including but not limited to the diminution in value of Plaintiffs' property values and stigma damages.  All of the above damages will be established according to proof.**

Answer:       The allegations of Paragraph 33 of the Complaint are denied.


### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34.   **Plaintiffs repeat and reallege paragraphs 1 through 33 of this Petition and incorporate them herein by reference as though set forth in full.**

Answer:       The allegations of Paragraph 34 of the Complaint require no response from

Texas Brine. To the extent a response is required, Texas Brine repeats and realleges its

responses to Paragraphs 1 through 33 of the Complaint as if copied in extensio herein.

35.   **As described above, Plaintiffs were exposed to a dangerous environment and evacuated from their homes as a result of the negligent conduct of Defendants, and each of them.**

Answer:       The allegations of Paragraph 35 of the Complaint are denied.

36.   **Defendants owed Plaintiffs a duty which afforded protection to them for the risks and harms alleged herein.  Defendants breached their duty and the mental anguish and emotional distress caused by the declared emergency,**

mandatory evacuation and potential loss of Plaintiffs' homes and businesses is severe, genuine and serious.

Answer:     The allegations of Paragraph 36 of the Complaint are denied.

37.   **Defendants acted with malice, oppression and/or fraudulent intent in that the Defendants' conduct was outrageous and was made with reckless disregard of the probability of causing emotional distress to Plaintiffs, knowing that Plaintiffs would be subjected to danger and lose their most prized possession — their homes.**

Answer:     The allegations of Paragraph 37 of the Complaint are denied.

38.   **As a foreseeable result of Defendants' conduct, as described above, Plaintiffs suffered and continue to suffer severe emotional distress.**

Answer:     The allegations of Paragraph 38 of the Complaint are denied.

39.   **The Defendants' conduct was a substantial factor in causing Plaintiffs' severe emotional distress.**

Answer:     The allegations of Paragraph 39 of the Complaint are denied.

40.   **As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer from great physical, mental, and emotional pain and suffering.**

Answer:     The allegations of Paragraph 40 of the Complaint are denied.


## FOURTH CAUSE OF ACTION
## PERMANENT TRESPASS

41.   **Plaintiffs repeat and reallege paragraphs 1 through 40 of this Petition and incorporate them herein by reference as though set forth in full.**

Answer:     The allegations of Paragraph 41 of the Complaint require no response from Texas Brine. To the extent a response is required, Texas Brine repeats and realleges its responses to Paragraphs 1 through 40 of the Complaint as if copied in extensio herein.

42.   **Plaintiffs maintain the lawful right of possession of each of the properties owned, occupied and/or possessed by Plaintiffs, which are located in close proximity to the site.**

Answer:      The allegations of Paragraph 42 of the Complaint require no response from

Texas Brine. To the extent a response is required, Texas Brine denies the allegations for

lack of information sufficient to justify a belief as to the truth thereof.

43.   **Defendants, by their past and continuing operations at the site, have caused dangerous chemicals, including gases to escape from the site and to enter into and trespass upon the land and realty of the Plaintiffs.**

Answer:      The allegations of Paragraph 43 of the Complaint are denied.

44.   **Defendants' past and continuing acts and omissions were done with the substantial certainty that such acts and omissions would result in damage to others via repeated and continuing occurrences of the emission of hazardous toxins and gases into the air, soil and groundwater. Such hazardous toxins have migrated and continue to migrate onto the real property owned, leased and/or occupied by Plaintiffs.**

Answer:      The allegations of Paragraph 44 of the Complaint are denied.

45.   **Defendants' improper creation, maintenance, provision, storage, use, testing, packaging, production, transport, distribution, disposal and/or release of hazardous contaminants have resulted in contaminated air, soil and groundwater entering and penetrating into Plaintiffs' property, including but not limited to Plaintiffs' homes.  Defendants' past and continuing acts and omissions, as herein alleged, constitute unlawful trespassory interference with, and invasion of, Plaintiffs' rights to possession of their property.**

Answer:      The allegations of Paragraph 45 of the Complaint are denied.

46.   **By their negligent and/or intentional and willful actions, Defendants have trespassed on each of the properties owned, occupied and possessed by Plaintiffs without legal right or justification and without the permission of the owners, *i.e*., the Plaintiffs.**

Answer:      The allegations of Paragraph 46 of the Complaint are denied.

47.   **Plaintiffs are informed and believe and thereon allege that no method for abatement and/or removal of the hazardous substances and toxic chemicals is available.  Defendants have not and cannot provide assurances of abatement of the trespass from Plaintiffs' properties, or that the past, present or future harm caused by Defendants' use and release of toxic substances can or will be abated.**

Answer:      The allegations of Paragraph 47 of the Complaint are denied.

48.   **Defendants' conduct was and is a substantial factor in causing harm to Plaintiffs.   As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered and will suffer from great physical, mental and emotional pain and suffering.**

Answer:      The allegations of Paragraph 48 of the Complaint are denied.

49.   **As a further direct and proximate result of Defendants' negligent acts and omissions as herein described, Plaintiffs have suffered and will continue to suffer damage to their real and personal properties, including but not limited to the destruction and diminution in value of Plaintiffs' property values and stigma damages. All of the above damages will be established according to proof.**

Answer:      The allegations of Paragraph 49 of the Complaint are denied.

## FIFTH CAUSE OF ACTION
### CONTINUING TRESPASS

50.   **Plaintiffs repeat and reallege paragraphs 1 through 49 of this Petition and incorporate them herein by reference as though set forth in full.**

Answer:      The allegations of Paragraph 50 of the Complaint require no response from

Texas Brine. To the extent a response is required, Texas Brine repeats and realleges its

responses to Paragraphs 1 through 49 of the Complaint as if copied in extensio herein.

51.   **Defendants' past and continuing acts and omissions, as herein alleged, constitute unlawful trespassory interference with, and invasion of, Plaintiffs' rights to possession of their property. Defendants' past and continuing acts and omissions were done with the substantial certainty that such acts and omissions would result in damage to others via repeated and continuing occurrences of the emission of hazardous toxins into the air, soil and**

**groundwater. Such hazardous toxins have migrated and continue to migrate onto the real property owned, leased and/or occupied by Plaintiffs.**

Answer:     The allegations of Paragraph 51 of the Complaint are denied.

52.   **Defendants' improper creation, maintenance, mining, testing, manufacture, provision, storage, use, transport, packaging, distribution, disposal and/or release of hazardous contaminants have resulted in contaminated air, soil and groundwater entering and penetrating into Plaintiffs' property, including but not limited to Plaintiffs' homes. This discharge and/or seepage constituted and continues to constitute a continuing trespass.**

Answer:     The allegations of Paragraph 52 of the Complaint are denied.

53.   **As a proximate result of the trespasses committed by the Defendants, by and through their officers, directors, and managing agents, Plaintiffs have suffered and continue to suffer injuries to their persons, their mental and emotional health, have suffered and continue to suffer further mental and emotional distress as a result of the loss of use of their real and personal property. All of the above damages will be established according to proof.**

Answer:     The allegations of Paragraph 53 of the Complaint are denied.


### SIX CAUSE OF ACTION
### PRIVATE NUISANCE
### La. C.C. Arts. 667, 668, and 669

54.   **Plaintiffs repeat and reallege paragraphs 1 through 53 of this Petition and incorporate them herein by reference as though set forth in full.**

Answer:     The allegations of Paragraph 54 of the Complaint require no response from

Texas Brine. To the extent a response is required, Texas Brine repeats and realleges its

responses to Paragraphs 1 through 53 of the Complaint as if copied in extensio herein.

55.   **Plaintiffs own, lease, occupy and/or control properties located in close proximity to the Defendants' site in Assumption Parish.**

Answer:      The allegations of Paragraph 55 of the Complaint require no response from

Texas Brine. To the extent a response is required, Texas Brine denies the allegations for

lack of information sufficient to justify a belief as to the truth thereof.

56.   **Defendants, and each of them, by their actions and inactions in connection with their activities at and around the site as described herein, created conditions that were and are harmful to health.**

Answer:      The allegations of Paragraph 56 of the Complaint are denied.

57.   **Defendants, by their actions and inactions in connection with their mining and toxic substance storage processes at and around the site as described herein, created conditions that were and are indecent and offensive to the senses.**

Answer:      The allegations of Paragraph 57 of the Complaint are denied.

58.   **Defendants, by their actions and inactions in connection with their mining and toxic substance storage processes at and around the site as described herein, obstructed and continue to obstruct Plaintiffs' free use of their properties, so as to interfere with Plaintiffs' comfortable enjoyment of life and their properties.**

Answer:      The allegations of Paragraph 58 of the Complaint are denied.

59.   **The conditions created by the actions and inactions of Defendants, as described herein, interfered with, and continues to interfere with, Plaintiffs' use and/or enjoyment of their land and property.**

Answer:      The allegations of Paragraph 59 of the Complaint are denied.

**60.    Plaintiffs have not consented and do not consent to Defendants' conduct at the site.**

Answer:        The allegations of Paragraph 60 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations for

lack of information sufficient to justify a belief as to the truth thereof.

**61.    An ordinary person would be reasonably annoyed and/or disturbed by the conditions created by Defendants by and through their actions and inactions in connection with their activities at and around the site.**

Answer:        The allegations of Paragraph 61 of the Complaint require no response from

Texas Brine.  To the extent a response is required, Texas Brine denies the allegations are

denied as written.

**62.    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered and will suffer from great physical, mental and emotional pain and suffering. All of the above damages will be established according to proof.**

Answer:        The allegations of Paragraph 62 of the Complaint are denied.

**63.    As a further proximate result of Defendants' conduct, Plaintiffs' properties have been damaged and continue to be damaged, including that Plaintiffs' properties have been diminished in their value and continue to be diminished in their value.**

Answer:        The allegations of Paragraph 63 of the Complaint are denied.

**64.    The seriousness of the harm of Defendants' emission, release and disbursement of dangerous emissions into the surrounding community and environment and into Plaintiffs' properties outweighs any social utility of Defendants' for profit activities at the site.**

Answer:        The allegations of Paragraph 64 of the Complaint are denied.

65.   **In addition to the negligence stated above, and in the alternative thereto, Plaintiffs affirmatively plead the doctrine of *res ipsa loquitur* in that the incident and damages would not have occurred in absence of the negligence of Defendants.**

Answer:      The allegations of Paragraph 65 of the Complaint are denied.

66.   **Defendants are liable unto Plaintiffs jointly, severally and in solido for the damages that they sustained as a result of the incident at issue.**

Answer:      The allegations of Paragraph 66 of the Complaint are denied.

Texas Brine, in addition, denies the allegations of the prayer for relief.

**FURTHER ANSWERING,** Texas Brine, LLC asserts:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted for punitive damages.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are so vague so as to preclude Respondents from adequately responding and providing a defense.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are improperly cumulated or joined.

## FIFTH AFFIRMATIVE DEFENSE

Should Plaintiffs be entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases made by any

Plaintiffs with any persons, companies or entities, whether party or not, and whether such settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition/complaint herein.

**SIXTH AFFIRMATIVE DEFENSE**

Alternatively, in the event that Texas Brine is found responsible in any way to Plaintiffs (which is denied), Texas Brine is entitled to have the fault of the Plaintiffs and/or other persons, entities and/or parties allocated, regardless of whether such persons or entities are defendants, and any amounts found owing to Plaintiffs reduced to the extent of the apportionment of such fault to Plaintiffs and/or other persons, entities and/or parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, were the result of an act of God or unavoidable accident for which Texas Brine is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages to the extent they sustained any.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are due in whole or in part to acts of nature, force majeure, and/or the actions or inactions of third parties, for which Texas Brine is not responsible.  Alternatively, should Texas Brine be held responsible for any damages to Plaintiffs, Texas Brine's liability must be apportioned according to their contribution to such damages.  Texas Brine pleads third party fault, act of God, force majeure, and comparative fault as alternative defenses.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused or contributed to by their own inattention and/or negligence which should act as a mitigating factor to any recovery herein.  Texas Brine pleads contributory negligence and comparative fault as affirmative defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

The actions of Texas Brine were at all times:

(1) Performed in compliance with accepted and permissible practices and procedures of the industry;

(2) Performed in compliance with the reasonable prudent operator standards;

(3) Performed in full compliance with all legal and regulatory requirements;

(4) Performed in full compliance with all contractual requirements;

(5) Performed in good faith; and

(6) Performed in conformance with all permits.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were the result of superseding and/or intervening causes.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of damages to plaintiffs is subject to a set-off and credit for any and all amounts already paid to plaintiffs for alleged losses and damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are barred to the extent they are based upon acts or omissions performed by Texas Brine as a result of governmental mandate(s) or with the approval of the governmental authorities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Texas Brine reserves the right to amend its answer and to assert additional affirmative defenses as discovery is conducted and additional defenses come to light.

WHEREFORE, Texas Brine, LLC prays that its answer be deemed good and sufficient and, after due proceedings are had, judgment be rendered in its favor, dismissing all of Plaintiffs' claims with prejudice, at their costs.

Texas Brine, LLC requests a trial by jury on all claims.


By Attorneys:

*s/Bradley C. Myers*
Bradley C. Myers (#1499)
Troy J. Charpentier (#20745)
Katie D. Bell (#29831)
KEAN MILLER LLP
400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Attorneys for Texas Brine Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2013 a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

Baton Rouge, Louisiana this _____19th_____ day of July, 2013.


_____s/Bradley C. Myers_____
Bradley C. Myers