UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL | CIVIL ACTION NO: 12-2059 C/W<br>12-2246, 12-2354, 12-2363, 12-2611,<br>13-4952, 13-5016 & 13-5038 |
| VS. | SECTION: "A" (4) |
| TEXAS BRINE COMPANY, LLC,<br>ET AL | This Pleading Applies Only to<br>Smart, et al v. Texas Brine, et al<br>C.A. 13-5016 |

## TEXAS BRINE COMPANY, LLC'S ANSWER

Texas Brine Company, LLC ("Texas Brine") responds to the Petition for Damages ("the Complaint") as follows:

### FIRST DEFENSE

Texas Brine denies the individual allegations of the petition, except as specifically admitted below. And now, further answering the individual allegations of the petition, Texas Brine states:

1.  **Made defendants are the following entities who are justly and truly indebted unto your petitioners in a full and true sum as is reasonable in the premises, together with legal interest:**

    A.  **TEXAS BRINE COMPANY, LLC**, a Texas limited liability company whose Louisiana principal business establishment is at 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808 and its registered agent for service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808;

    B.  **OCCIDENTAL CHEMICAL CORPORATION**, a foreign business corporation whose Louisiana principal business establishment is at La. Hwy. 18 or River Road, Taft, LA 70057 and its registered agent for

service of process is CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808, Occidental Chemical Corporation is successor-in-interest to Hooker Chemical Corporation;

C. **LOUISIANA DEPARTMENT OF NATURAL RESOURCES**, a body corporate with the power to sue and be sued pursuant to the provisions of 36:351, whose, agent for service of process is the Secretary of the Department of Natural Resources, Stephen Chustz, 617 North Third Street, Baton Rouge, LA 70802.

D. **JOSEPH S. BALL, JR.**, employed by Louisiana Department of Natural Resources, a person of legal age of majority believed to be domiciled in Lafayette Parish.

Answer: The allegations of Paragraph 1(A) the Complaint are denied as written. Texas Brine admits only that it is a Texas limited liability company and that its agent for service of process in Louisiana is CT Corporation. The remaining allegations of Paragraph 1 are denied for lack of information sufficient to justify a belief as to the truth thereof.

2. **Plaintiffs, John Brant Smart and Sandra B. Smart individually and on behalf of their minor son, Xxxxxxxx Xxxxx Smart, now and at all times pertinent to the causes of action of this law suit reside at 149 Crawfish Stew Lane, Belle Rose, Louisiana 70341.**

Answer: The allegations of Paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

3. **On or about August 3, 2012, the State of Louisiana issued a mandatory evacuation of the areas surrounding a sinkhole which formed near the Bayou Corne area of Assumption Parish; Louisiana.**

Answer: The allegations of Paragraph 3 of the Complaint are admitted only insofar as they assert that an evacuation order was issued on or about August 3, 2012 for a defined area in the vicinity of the sinkhole.

4. **Plaintiffs, John Brant Smart and Sandra B. Smart individually and on behalf of their minor son, Xxxxxxxx Xxxxx Smart, houses, property and effects, is located within the area designated as a mandatory evacuation zone.**

Answer: The allegations of Paragraph 4 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

5. **Plaintiffs, John Brant Smart and Sandra B. Smart individually and on behalf of their minor son, Xxxxxxxx Xxxxx Smart, have been evacuated from their houses, property and effects, from the issuance of the evacuation order until present.**

Answer: The allegations of Paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

6. **Texas Brine Company, LLC mines salt from ancient underground sea beds producing caverns that are later used for storage of natural gas, butane and other hydrocarbons and waste from industrial production,**

Answer: The allegations of Paragraph 6 of the Complaint are denied.

7. **Oxy Geismar well #3, serial number 18078, first permitted by the State of Louisiana on April 15, 1982 for the mining of salt water brine.**

Answer: The allegations of Paragraph 7 of the Complaint are admitted as being substantially correct.

8. **In 1995, Texas Brine Co., LLC was given permission by the Louisiana Department of Natural Resources to pump soil contaminated with NORM (Naturally Occurring Radioactive Material) into the well.**

Answer: The allegations of Paragraph 8 of the Complaint are admitted as being substantially correct. Further answering, Texas Brine avers that despite receiving permission from the State of Louisiana to return approximately 20 ft$^3$ of NORM-contaminated soil which originated from the salt dome to the salt cavern, Texas Brine did not do so.

9. **In May of 2010, the Louisiana Department of Natural Resources issued a permit to Texas Brine Co., LLC to rework the existing cavern roof.**

Answer: The allegations of Paragraph 9 of the Complaint are denied as written.

10. **The well failed a 2011 pressure test conducted by Texas Brine Co., LLC.**

Answer: The allegations of Paragraph 10 of the Complaint are denied as written. Texas Brine admits that Oxy Geismar Well No. 3 failed a Mechanical Integrity Test in or about 2011.

11. **Texas Brine Co., LLC reported the failed test in a letter dated January 21, 2011, sent to Mr. Joseph S. Ball, Jr., Director, the Louisiana Department of Natural Resources, Injection & Mining Division. This letter reported the failed Mechanical Integrity test and stated that "a breach out of the salt dome appears possible."**

Answer: The allegations of Paragraph 11 of the Complaint are admitted as being substantially correct. Further answering, Texas Brine avers that the development of the sinkhole that developed was not within the risk of any duty owed by Texas Brine, and that there was no indication that even if a breach "out of the salt dome" had occurred, a sinkhole would develop.

12. **On or about July 6, 2011, the well bore above the cavern was plugged with cement and the well was abandoned. No further remedial action was taken by Texas Brine Co., LLC, the State of Louisiana of Natural Resources or any other responsible party or regulatory agency.**

Answer: The allegations of Paragraph 12 of the Complaint are denied as written.

13. **The Louisiana Department of Natural Resources is liable for the injuries and damages sustained by petitioners and caused by the negligent acts and/or omissions of its offices, officers, and/or employees.**

Answer: The allegations of Paragraph 13 of the Complaint contain legal conclusions to which no response from Texas Brine is required. To the extent a response is required, the allegations are denied as written..

14. **The Bayou Corne Community is located in the Atchafalaya National Heritage Area. This is among the most culturally rich and ecologically varied regions in the United States home to Acadian culture as well as a diverse population of European, African, Caribbean and Native-American descendants. It has been designated a heritage area by the United States Government because of a concentration of significant natural, scenic, cultural, historic and recreational resources and is considered a "protected" area.**

Answer: The allegations of Paragraph 14 of the Complaint require no response from Texas Brine. To the extent a response is required, the allegations are denied for lack of information sufficient to justify a belief as to the truth thereof.

15. **On June 19, 2012, Assumption Parish declared a parish emergency after, Joseph S. Ball, director of the Injection and Mining Division of the Office of Conservation of the Louisiana State Department of Natural Resources, misled the people of Assumption Parish and particularly the people of the community of Bayou Corne that nothing other than brine water has ever been stored in the cavern at issue herein, which was a complete untruth as evidenced by the recently released documents including a 1995 permit for the injection of radioactive substances.**

Answer: The allegations of Paragraph 15 of the Complaint are denied as written.

16. **A sinkhole or slurry appeared on August 3, 2012 on the Texas Brine Co., LLC site. Diesel and salt water were confirmed at the slurry area. The area of disturbance is accompanied by the strong odor of what residents in the area called a diesel odor that burned eyes and noses.**

Answer: The allegations of Paragraph 16 of the Complaint are denied as written.

17. **On Friday, August 3, 2012 at approximately 6:00 p.m., the State of Louisiana issued a mandatory evacuation of residents near the Texas Brine Co., LLC facility including Bayou Corne and nearby geographic areas in Assumption Parish after employees of the Texas Brine Co., LLC had detected a strongly**

hydrocarbon odor at approximately 6:30 a.m. that morning near an abandoned well.

Answer: The allegations of Paragraph 17 of the Complaint are denied as written.

18. Although the evacuation is "mandatory", neither the State of Louisiana nor any parish or local government entity has enforced the evacuation, nor posted any warning or barrier to traffic whatsoever allowing a normal flow of pedestrian traffic in the area even though all workers monitoring the site are required to wear gas masks and other protective gear.

Answer: The allegations of Paragraph 18 require no response from Texas Brine. To the extent a response is required, the allegations are denied as written. Texas Brine specifically denies that workers at the sinkhole site are required to wear gas masks and other protective gear other than hardhats, and eye protection.

19. On August 13, 2012, the State of Louisiana Department of Natural Resources issued an article stating that the staff and scientific team gathered by the state had identified the abandoned Texas Brine Co., LLC site as the cause of the sinkhole.

Answer: The allegations of Paragraph 19 require no response from Texas Brine. To the extent a response is required, the allegations are denied as written.

20. The impending failure of the well, subsidence and subsurface instability, all caused and continues to cause a threat to the lives and property of the plaintiff(s) named in this petition.

Answer: The allegations of Paragraph 20 of the Complaint are denied.

21. Plaintiffs are in fear of their safety and health and are subjected to continuous fear and fright by the events detailed in this petition, which are ongoing with no estimate of timely resolution.

Answer: The allegations of Paragraph 21 of the Complaint are denied.

22. All equipment, its connections and/or appurtenances and/or real property, including subsurface property, causing the events made the basis of the

petition, is owned and/or under control of the defendant, Texas Brine Co., LLC and all other unnamed refiners/producers.

Answer: The allegations of Paragraph 22 of the Complaint are denied to the extent they pertain to Texas Brine.

23. The defendants, named herein, their agents and/or representatives caused the subsidence and/or subsurface instability in the years, months and days preceding he events of August 3, 2012. The Plaintiffs suffered damages as a result of the events culminating in the August 3, 2012 evacuation.

Answer: The allegations of Paragraph 23 of the Complaint are denied to the extent they pertain to Texas Brine.

24. Defendants' mining operations caused subsidence and subsurface instability that damaged plaintiffs.

Answer: The allegations of Paragraph 24 of the Complaint are denied denied to the extent they pertain to Texas Brine.

25. Plaintiffs, John Brant Smart and Sandra B. Smart individually and on behalf of their minor son, Xxxxxxx Xxxxx Smart, have sought refuge on their property located in Liberty, Mississippi.

Answer: The allegations of Paragraph 25 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

26. Plaintiff, Xxxxxxx Xxxxx Smart, as he is a minor, was forced to maintain legally required education and social endeavors in the Liberty, Mississippi district.

Answer: The allegations of Paragraph 26of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

27. On or about, September 29, 2012, Plaintiff, Xxxxxxx Xxxxx Smart was involved a car accident, as a passenger.

Answer: The allegations of Paragraph 27 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

28. **As a result of the September 29, 2012 accident, Plaintiff, Xxxxxxx Xxxxx Smart sustained injuries requiring long term medical treatment.**

Answer: The allegations of Paragraph 28 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth thereof.

29. **Plaintiffs allege that this incident and their resulting damages caused by the negligence and fault of the defendant(s), described as follows:**

   a) **Releasing hazardous and harmful substances to the atmosphere where they know or should have known members of the public would come into contact with it;**

   b) **Failing to properly conduct its mining operations;**

   c) **Creating and allowing a hazardous situation consisting of faulty and insufficient procedures and work practice;**

   d) **Failing to properly warn Plaintiffs about the hazardous condition;**

   e) **Failing to properly inspect the mine (salt cavern), its associated equipment and appurtenances, and the facility to assure that the utilization practices were fit for their intended purposes;**

   f) **Acting a careless and negligent manner without due regard for the safety of other;**

   g) **Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operation of the tasks being conducted at the time of the incident, which, if they had been so promulgated, implemented and enforced, would have averted the said incident;**

   h) **Inadequate and negligent training and hiring;**

   i) **Failing to take appropriate action to avoid or mitigate the incident;**

   j) **Failure to recognize and/or to properly react to incident;**

k) Failure to timely warn and bring the situation under control;

Other acts of negligence as will be shown at the trial of this matter.

Answer: The allegations of Paragraph 29 of the Complaint are denied to the extent they pertain to Texas Brine.

30. As a result of events caused by defendant(s), petitioners suffered injuries and damages, Plaintiffs, John Brant Smart and Sandra B. Smart individually and on behalf their minor son, Xxxxxxx Xxxxx Smart, suffered injuries and damages as a result of the events leading up to the evacuation of August 3, 2012, which injuries and damages are ongoing and of a continual nature including but not limited to personal/physical, pain, suffering, inconvenience, nuisance, discomfort, fear, fright, emotional/mental anguish, property, medical all of which include past, present and future components.

Answer: The allegations of Paragraph 30 of the Complaint are denied to the extent they pertain to Texas Brine.

31. Through the actions of defendants, the property has been uninhabitable, unsellable and of no economic, social or physical use to plaintiffs, John Brant Smart and Sandra B. Smart, individually and on behalf of their minor son, Branton Wayne Smart.

Answer: The allegations of Paragraph 31 of the Complaint are denied to the extent they pertain to Texas Brine.

**FURTHER ANSWERING**, Texas Brine, LLC asserts:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted for punitive damages.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiffs are so vague so as to preclude Respondents from adequately responding and providing a defense.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are improperly cumulated or joined.

## FIFTH AFFIRMATIVE DEFENSE

Should Plaintiffs be entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or releases made by any Plaintiffs with any persons, companies or entities, whether party or not, and whether such settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental petition/complaint herein.

## SIXTH AFFIRMATIVE DEFENSE

Alternatively, in the event that Texas Brine is found responsible in any way to Plaintiffs (which is denied), Texas Brine is entitled to have the fault of the Plaintiffs and/or other persons, entities and/or parties allocated, regardless of whether such persons or entities are defendants, and any amounts found owing to Plaintiffs reduced to the extent of the apportionment of such fault to Plaintiffs and/or other persons, entities and/or parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were the result of an act of God or unavoidable accident for which Texas Brine is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages to the extent they sustained any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are due in whole or in part to acts of nature, force majeure, and/or the actions or inactions of third parties, for which Texas Brine is not responsible. Alternatively, should Texas Brine be held responsible for any damages to Plaintiffs, Texas Brine's liability must be apportioned according to their contribution to such damages. Texas Brine pleads third party fault, act of God, force majeure, and comparative fault as alternative defenses.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused or contributed to by their own inattention and/or negligence which should act as a mitigating factor to any recovery herein. Texas Brine pleads contributory negligence and comparative fault as affirmative defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

The actions of Texas Brine were at all times:

(1) Performed in compliance with accepted and permissible practices and procedures of the industry;

(2) Performed in compliance with the reasonable prudent operator standards;

(3) Performed in full compliance with all legal and regulatory requirements;

(4) Performed in full compliance with all contractual requirements;

(5) Performed in good faith; and

(6) Performed in conformance with all permits.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were the result of superseding and/or intervening causes.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any award of damages to plaintiffs is subject to a set-off and credit for any and all amounts already paid to plaintiffs for alleged losses and damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are barred to the extent they are based upon acts or omissions performed by Texas Brine as a result of governmental mandate(s) or with the approval of the governmental authorities.

### SIXTEENTH AFFIRMATIVE DEFENSE

Texas Brine reserves the right to amend its answer and to assert additional affirmative defenses as discovery is conducted and additional defenses come to light.

WHEREFORE, Texas Brine, LLC prays that its answer be deemed good and sufficient and, after due proceedings are had, judgment be rendered in its favor, dismissing all of Plaintiffs' claims with prejudice, at their costs.

Texas Brine, LLC requests a trial by jury on all claims.

By Attorneys:

*s/Bradley C. Myers*
Bradley C. Myers (#1499)
Katie D. Bell (#29831)
Amanda M. Collura (#33777)
KEAN MILLER LLP
400 Convention Street, Suite 700
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Attorneys for Texas Brine Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2013 a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

Baton Rouge, Louisiana this ___22nd___ day of July, 2013.

<em>s/Bradley C. Myers</em><br>
Bradley C. Myers