```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

LISA T. LEBLANC, ET AL.                CIVIL ACTION

VERSUS                                 NO: 12-2059 AND
                                       CONSOLIDATED CASES

TEXAS BRINE COMPANY, LLC, ET AL.       SECTION: "A" (5)
```

**MINUTE ENTRY (JS-10: 90)**
**[REF: ALL CASES]**

On December 11, 2013, the Court held an oral argument/status conference in these consolidated cases. The names of those counsel who appeared are listed on the attached sign-in sheet.

The Court heard oral argument on the Motions to Remand filed in the Boudreaux (13-4952), Brown (13-5549), Landry (13-5793), and Benoit (13-6412) cases.[1] All of these plaintiffs with the exception of 9 from the Landry case have opted out of the class.

The Court found that the Louisiana Department of Natural Resources had been improperly joined in the Brown and Landry cases.

The Court DISMISSED WITHOUT PREJUDICE the Motions to Remand in the Boudreaux (13-4952; Doc. 139), Brown (13-5549; Doc. 164), Landry (13-5793; Doc. 172), and Benoit (13-6412; Doc. 224) cases so that the parties can conduct discovery limited to the

---

[1] Court Reporter: David Zarek; Courtroom Deputy: James Crull; Law Clerk: Pam Starns.

1

allegations of improper joinder as to non-diverse defendant Miller Engineers. The Court also advised Texas Brine that it questioned whether the allegations regarding jurisdictional amount contained in the notices of removal would suffice to demonstrate that at least one plaintiff from each action has a claim that exceeds $75,000.00. The Court will therefore permit discovery as to this issue too.

After oral argument the Court held a status conference. The Court will enter a 120 day order of dismissal in the Gegenheimer action (13-5812).

The Court addressed the Motion to Disqualify Counsel (Rec. Doc. 231). At this time the motion is scheduled for submission on January 1, 2014, on the briefs.

The Court addressed the issue raised by Mr. Poche's September 26, 2013 letter to the Court, and the Landry Plaintiffs' Motion for Clarification (Rec. Doc. 191), which is GRANTED. The Court clarified that the CMO currently in place does not govern the claims of the non-class plaintiffs and pertains solely to the bellwether damages trials scheduled to begin in April 2014. A separate scheduling order/CMO will have to be confected at a later date to address the trials of the non-class plaintiffs' claims. But that will not occur until after the bellwether trials on the class claims are concluded and after the improper joinder issue with respect to Miller Engineers is

2

resolved.

Counsel have conferred and reached an agreement as to reasonable deadlines which will govern the third-party defendants' participation in the bellwether damages trials.

Counsel confirmed that the Motions for Preliminary Hearing (Docs. 171 & 174) should remain stayed at this time.

Nine additional plaintiffs are to be examined by Dr. Ginsburg, who is Defendants' expert. Dr. Ginsburg will travel to Napoleonville to accommodate those plaintiffs.

Defendants object to Dr. Pellegin's reports because they contain no expert opinions and merely recite the plaintiffs' complaints to her. The Court ordered that the reports be supplemented with diagnosis/prognosis/course of treatment information prior to Dr. Pellegrin's deposition, but in no event later than **January 10, 2014**.

Accordingly;

**IT IS ORDERED** that a follow-up status conference with the Court is **SET** for **Tuessday, January 28, 2014, at 10:30 a.m.** This status conference will take place in the courtroom.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3