UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-2059 |
| TEXAS BRINE CO., LLC, ET AL. | SECTION: "A" (5) |

## ORDER (RE: 13-5793)

Plaintiffs filed this action in state court to recover damages under state law in conjunction with the Bayou Corne sinkhole. The parties to this action are not completely diverse in citizenship because Plaintiffs and defendant Miller Engineers & Associates, Inc. are citizens of Louisiana. Texas Brine nonetheless removed the case to this Court arguing that Plaintiffs had improperly joined the non-diverse Miller Engineers such that its citizenship could be ignored for purposes of exercising diversity jurisdiction.

Miller Engineers has filed a Rule 12 motion to dismiss (Rec. Doc. 592) on non-merits-based grounds which implicates a dismissal without prejudice.[1] The Court will dismiss Miller Engineers from the case but the dismissal will be *without* prejudice. Because Plaintiffs did not file an opposition to Miller Engineers' motion to dismiss, the Court interprets this as a clear indication from the plaintiffs in action 13-5793 that they do not intend to pursue claims against Miller Engineers.

---

[1] Any dismissal with prejudice would be a determination "on the merits" and would require subject matter jurisdiction. *See Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished). The Court lacks subject matter jurisdiction over the claims between Plaintiffs and Miller Engineers because they are not completely diverse in citizenship. The parties are reminded that consolidation of individual actions is an administrative case management tool that does not create subject matter jurisdiction in an action where it does not independently exist. *See In re Excel Corp.*, 106 F.3d 1197 (5th Cir. 1997); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other.").

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 592)** filed by Miller Engineers & Associates, Inc. is **GRANTED**. The claims against non-diverse defendant Miller Engineers is **DISMISSED** <u>without</u> prejudice.

June 3, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE