UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-2059 AND CONSOLIDATED CASES |
| TEXAS BRINE, LLC | SECTION: "A" (4) |

## ORDER

Third-party defendants Adams Resources Exploration Corp., Browning Oil Co., LORCA Corp., and Colorado Crude Co. (collectively "Movants") have filed a **Motion to Dismiss Claims Pursuant to FRCP 12(b)(6) (Rec. Doc. 958)**. Texas Brine Co., LLC ("TBC") has filed an opposition (Rec. Doc. 967) and surreply (Rec. Doc. 1005); Movants have filed a reply (Rec. Doc. 976). The motion, noticed for submission on January 13, 2016, is before the Court on the briefs without oral argument.

Plaintiffs brought these various consolidated actions to recover damages resulting from the development of a "sinkhole" on property allegedly belonging to and/or under the control of defendants TBC and Occidental Chemical Corporation near the hamlet of Bayou Corne in Assumption Parish, Louisiana. Plaintiffs allege that the sinkhole resulted from the failure of a salt cavern owned or operated by TBC, with that failure perhaps caused by some reworking activities undertaken by TBC in September 2010. (CA12-2059, Rec. Doc. 1, Complaint ¶ 4).

1

TBC filed a third-party demand ("TPD") against Movants. Adams and Browning are two oil and gas exploration companies that had previously conducted operations on the Hooker #1 Well, which was located adjacent to the Oxy Geismar Well #3 (the well used to mine the now collapsed salt cavern). (Rec. Doc. 557). TBC's contention is that the Hooker #1 Well was drilled unacceptably close to the wall of the salt cavern, and then operated in such a manner that it dramatically reduced pressure in the reservoir, known as "Big Hum." (*Id.* ¶¶ 162-63). According to TBC, because the reservoir had previously provided support to the outer wall of the salt cavern of Oxy Geismar Well #3, the reduced pressure in the Big Hum reservoir caused or contributed to the collapse of the salt cavern and the formation of the sinkhole. Adams drilled the Hooker #1 Well in 1986, and Browning operated the well from 1991 to 2001. (Rec. Doc 573-1, Movants' Memo at 1). The well was "shut-in" in approximately September 2001. (Rec. Doc. 557, TPD ¶ 469). LORCA and Colorado Crude were non-operating, working interest owners in the Hooker #1 Well.

TBC has asserted claims against Movants based on several legal theories to recover any amounts for which TBC may be found legally liable to Plaintiffs, as well as TBC's own damages. (Rec. Doc. 794, Second Amended Third Party Complaint and Cross-Claim). Adams and Browning filed a prior Rule 12(b)(6) motion (Rec. Doc. 573) in response to TBC's Third Party Demand (Rec. Doc. 557). The Court denied that motion on June 3, 2015 (Rec. Doc. 663). Movants now move to dismiss the claims grounded on two of TBC's legal theories: contribution and stipulation pour autrui.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely

2

granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In evaluating the merits of such a motion the Court must construe the complaint liberally in favor of the plaintiff and take all facts pleaded in the complaint as true. *Id.* In the Fifth Circuit this strict standard is summarized as follows: "[T]he question [] is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Id.*

Regarding contribution, Movants argue that the Court previously made an "unequivocal determination"—when it ruled on the prior Rule 12(b)(6) motion—that TBC has no claim for contribution. This is the sole basis for dismissal that Movants have raised in their motion.

The Court's prior comment regarding contribution was made in light of Louisiana's 1996 adoption of comparative fault, which eliminated solidary liability for negligence causes of action accruing after the effective date of the 1996 amendments. (Rec. Doc. 663 n.4). In its ruling the Court specifically declined to consider in conjunction with the prior Rule 12(b)(6) motion whether any party could avail itself of the pre-1996 strict liability statutes, (Rec. Doc. 663 n.3), *i.e.*, whether any party's cause of action accrued prior to 1996 even though the sinkhole did not manifest itself until 2012. The Court continues to believe that this issue is not appropriate for resolution in conjunction with a motion to dismiss.

Regarding the contract claim based on a stipulation pour autrui, Movants argue that the oil and gas contract between Occidental and Colorado Crude does not confer a

3

benefit in favor of TBC, particularly under the more stringent standards given in *Joseph v. Hospital Service District No. 2*, 939 So. 2d 1206 (La. 2006).

The Court is not persuaded that the Louisiana Supreme Court's decision in *Joseph*, effected a change in Louisiana law. After all, the trial court in that case had relied upon the then-extant jurisprudence to reach the correct result regarding the contract in that case. The court of appeal, on the other hand, had erred by violating one of the most basic tenets of stipulations pour autrui when it reversed the trial court: the benefit cannot be a mere incident of the contract between the promisor and the promisee. Therefore, while the Court would agree that *Joseph* helped to clarify the law pertaining to stipulations pour autrui by providing a more succinct test, the Court does not agree that the case lays down a new stringent test that presents a significant departure from prior law.

That said, this Court notes that the state courts handling the related sinkhole litigation have already denied Movants' exceptions of no cause of action on the stipulation pour autrui issue. In determining how the state's highest court would decide a question of law, *see Labiche v. Legal Sec. Life Ins. Co.*, 31 F.3d 350, 351 (5th Cir. 1995) (quoting *Trans. Gas Pipe Line Corp. v. Trans. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992)), this Court finds the determination of the state trial courts that have already ruled extremely persuasive.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Claims Pursuant to FRCP 12(b)(6) (Rec. Doc. 958)** filed by third-party defendants Adams Resources Exploration

Corp., Browning Oil Co., LORCA Corp., and Colorado Crude Co. is **DENIED**.

February 25, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE