UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA T. LEBLANC, ET AL.                     CIVIL ACTION

VERSUS                                      NO: 12-2059 AND
                                            CONSOLIDATED CASES

TEXAS BRINE, LLC                            SECTION: "A" (4)

### ORDER

    Third-party defendant Reliance Petroleum Corporation has filed a **Motion to Dismiss Claims Pursuant to FRCP 12(b)(6) (Rec. Doc. 1043)**; Texas Brine Co., LLC ("TBC") has filed an opposition (Rec. Doc. 1064); Reliance has filed a reply (Rec. Doc. 1068). The motion, noticed for submission on June 1, 2016, is before the Court on the briefs without oral argument.

    Plaintiffs brought these various consolidated actions to recover damages resulting from the development of a "sinkhole" on property allegedly belonging to and/or under the control of defendants TBC and Occidental Chemical Corporation near the hamlet of Bayou Corne in Assumption Parish, Louisiana. Plaintiffs allege that the sinkhole resulted from the failure of a salt cavern owned or operated by TBC, with that failure perhaps caused by some reworking activities undertaken by TBC in September 2010. (CA12-2059, Rec. Doc. 1, Complaint ¶ 4).

    TBC filed a third-party demand ("TPD") against Reliance f/k/a Retrust Oil and Gas Corporation on September 29, 2015 (Rec. Doc. 794). These claims pertain to operations on the Hooker #1 Well, which was located adjacent to the Oxy Geismar Well #3 (the well used to mine the now collapsed salt cavern), and which was placed and operated by certain third-party defendants under the auspices of a 1983 lease between Occidental and Colorado Crude Company. TBC's contention is that the Hooker #1 Well was drilled unacceptably close to the

1

wall of the salt cavern, and then operated in such a manner that it dramatically reduced pressure in the reservoir, known as "Big Hum." According to TBC, because the reservoir had previously provided support to the outer wall of the salt cavern of Oxy Geismar Well #3, the reduced pressure in the Big Hum reservoir caused or contributed to the collapse of the salt cavern and the formation of the sinkhole. The well was "shut-in" in approximately September 2001. LORCA and Colorado Crude were non-operating, working interest owners in the Hooker #1 Well.

TBC has asserted claims against Reliance based on several legal theories to recover any amounts for which TBC may be found legally liable to Plaintiffs, as well as TBC's own damages. Reliance, conceding that the Court has already denied motions to dismiss filed by other third-party defendants who raised some of the same arguments that Reliance would urge, focuses the Court's attention on two key arguments. First, regarding TBC's tort claims, Reliance stresses that it was merely a non-operating working interest owner in the Hooker #1 Well, in contrast to other third-party defendants such as Adams and Browning who actually operated the well. Therefore, according to Reliance, given the passive nature of its role, it cannot be a joint tortfeasor for purposes of interrupting prescription.

Second, Reliance argues that certain obligations imposed by the Colorado Crude lease—obligations for which TBC claims third-party beneficiary status—are personal rights (not real rights) that Reliance did not expressly assume when it obtained a leasehold interest.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In evaluating the merits of such a motion the Court must construe the complaint liberally in favor of the plaintiff and take all facts pleaded in the complaint as true. *Id.* In the Fifth Circuit this strict standard is summarized as follows:

"[T]he question [] is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Id.*

At the outset, the Court is unwilling at this time to revisit any of its prior rulings. As to the tort claim, the Court finds TBC's arguments regarding why its tort claims against Reliance relate back to the date that TBC sued Reliance's co-lessees and operators to be persuasive (Rec. Doc. 1064 at 13-17). As to the contract claim, the Court is not moved by Reliance's arguments based on express assumption, which suggest that Reliance acquired its interest in the Colorado Crude lease without incurring the concomitant obligations to refrain from damaging the nearby salt formations.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Claims Pursuant to FRCP 12(b)(6) (Rec. Doc. 1043)** filed by third-party defendant Reliance Petroleum Corporation is **DENIED**.

July 11, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE