UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2059 & CONSOLIDATED CASES |
| TEXAS BRINE CO., LLC, ET AL. | SECTION A(5) |

### ORDER AND REASONS
**[Ref: All Cases]**

The following motions are before the Court: **The Occidental Entities' Second Motion to Stay Pending Arbitration (Rec. Doc. 1127)** filed by Occidental Petroleum Corp. ("OPC"); **Motion to Compel Arbitration (Rec. Doc. 1139)** filed by Steadfast Insurance Co.; **Joint Motion to Compel Arbitration (Rec. Doc. 1165)** filed by Occidental Chemical Corp. ("Occidental"), Basic Chemicals Co., LLC, Occidental VCM, LLC, OXY USA, Inc., and OPC. All motions are opposed.

This Court has previously stayed Texas Brine's claims against Occidental, OXY USA, Basic, and VCM, including Texas Brine's Hooker #1 well claims asserted against Occidental and OXY USA, pending arbitration or until such time that the panel of arbitrators determines that the claims are not arbitrable. (Rec. Docs. 1054 & 1124). At this time none of Texas Brine's claims against Occidental's parent, OPC, are stayed. (Rec. Doc. 1124).

To the extent that Texas Brine's newly pleaded claims in its Third and Fourth Amended Third-Party Demands contain allegations against Occidental, OXY USA,

Basic, and VCM — the parties already benefitting from the arbitration provision of the Operating Agreement — those new claims are stayed for the reasons that the Court has previously given.[1] (Rec. Docs. 1054 & 1124).

OPC is a non-signatory to the Operating Agreement. For the reasons that the Court stayed Texas Brine's claims against non-signatory OXY USA, OPC asks the Court to stay all of Texas Brine's claims asserted against it. The Court agrees with Texas Brine's contentions regarding the substantive difference between the Oxy Geismer No. 3 well claims against OPC and the claims asserted against the other Occidental entities. The Court declines to apply equitable estoppel to Texas Brine's claims against OPC. The Second Motion to Stay Pending Arbitration is therefore denied.

The Motion to Compel Arbitration filed by Steadfast Insurance Co. and Joint Motion to Compel Arbitration implicate questions of state law, which are subject to an *Erie* determination by this Court. Given that the pertinent interplay of La. R.S. § 22:1269 (colloquially, the Louisiana Direct Action Statute), and La. R.S. § 22:868 (the Insurance Code's anti-arbitration provision) has not been determined by the state's highest court, the Court adopts for its *Erie* determination the rulings made by the state court judges

---

[1] By way of reminder, the Operating Agreement expressly calls for the laws of the United States to govern, and where not inconsistent therewith, for Louisiana law to govern. (Rec. Doc. 1054 at 11 n.6). In light of the express terms of the Operating Agreement's arbitration provision, the federal decisions previously cited by the Court, most of which arose in diversity cases, are clear in that the panel of arbitrators decides arbitrability. The Court is not persuaded that Louisiana law differs substantively from the federal decisions in this area. Further, this Court has never expressly disagreed with the ultimate conclusion reached by the state court judges presiding over the sinkhole cases — that Texas Brine's claims against Occidental do not appear to rely on the Operating Agreement, thereby suggesting that the claims are not arbitrable. (Rec. Doc. 1054 at 15 n.8) (questioning Occidental's reliance argument).

presiding over the sinkhole cases. The Motion to Compel Arbitration filed by Steadfast Insurance Co. and Joint Motion to Compel Arbitration are therefore denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that **The Occidental Entities' Second Motion to Stay Pending Arbitration (Rec. Doc. 1127)** filed by Occidental Petroleum Corp. is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion to Compel Arbitration (Rec. Doc. 1139)** filed by Steadfast Insurance Co. and **Joint Motion to Compel Arbitration (Rec. Doc. 1165)** filed by the Occidental entities are **DENIED**.

November 4, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE