UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2059 & CONSOLIDATED CASES |
| TEXAS BRINE CO., LLC, ET AL. | SECTION A(5) |

### ORDER AND REASONS
[Ref: All Cases]

The following motions are before the Court: **Motion for Partial Summary Judgment on Collateral Estoppel, Fault, and Liability (Rec. Doc. 1626)** filed by Texas Brine Co., LLC ("TBC").; **First Motion for Summary Judgment on Issues of Res Judicata and Collateral Estoppel (Rec. Doc. 1633)** filed by Browning Oil Co., Colorado Crude Co., and LORCA Corp.; **Cross Motion for Partial Summary Judgment on Issues of Res Judicata and Collateral Estoppel (Rec. Doc. 1639)** filed by Reliance Petroleum Corp. The motions, submitted for consideration on March 21, 2018, are before the Court on the briefs without oral argument.

Judge Thomas J. Kliebert, Jr. conducted a three-week bench trial for the purpose of determining what caused the Assumption Parish Sinkhole to form and which parties were at fault for its formation. ("the Liability Trial"). The plaintiffs in the Liability Trial were companies whose pipelines traverse Assumption Parish; the defendants and third-party defendants were the same defendants and third-party defendants that appear in this litigation. On December 21, 2017, Judge Kliebert issued written reasons and a final

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 1 of 10

judgment ("the Liability Judgment") that apportioned fault for the sinkhole as follows: Oxy Entities 50% of fault; TBC 35% of fault; Vulcan 15% of fault.

This Court held a status conference on February 1, 2018, at which the Court stated:

> The parties' preconference submissions demonstrate that the res judicata effect, if any, of Judge Kliebert's liability determination should be resolved before bellwether trials are scheduled in this Court. TBC is persuaded that the liability ruling by Judge Kliebert in state court is res judicata as to certain parties in this litigation. Therefore, TBC shall file a motion seeking a ruling on the issue of res judicata as to the specific Phase I parties that TBC contends are bound by the judgment . . . . Once the res judicata effect of the judgment is determined, which in turn will determine the scope of the bellwether trials proposed for the fall of 2018, the Court will be in a better position to address the joint proposal for resolving in 2018 all Phase I outstanding claims asserted by plaintiffs.

(Rec. Doc. 1623, Minute Entry 2/1/18).

TBC filed its motion and the motions by the third party defendants—Browning Oil Co., Colorado Crude Co., LORCA Corp., and Reliance Petroleum Corp.—followed.[1]

In deciding the preclusive effect of a state court judgment in federal court, the court applies the law of the state that rendered the judgment. *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996) (citing *Marrese v. Am. Academy of Ortho. Surgeons*, 470 U.S. 373, 380 (1985)). Louisiana law therefore governs the preclusive effect that Judge Kliebert's ruling will have in this federal litigation.

Louisiana's res judicata statute provides in relevant part:

---

[1] The Court directed TBC to file the res judicata motion because TBC was the party urging collateral estoppel in Phase I of this federal litigation. The Court specifically stated: "The [state court liability] ruling may or may not affect parties involved in the subsequent phases of the litigation but the Court's focus at this time is resolving the Phase I claims. Therefore, TBC's motion as to res judicata should concentrate on the Phase I litigation." (Rec. Doc. 1623, Minute Entry 2/1/18 at n.1). While the third-party defendants characterize TBC's motion as "incomplete" because it does not mention them, the motion was filed in accordance with the Court's specific directive, which was to focus on Phase I of this litigation.

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 2 of 10

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent . . . [a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. R. S. § 13:4231(3).[2]

Thus, there are three requirements for issue preclusion: (1) a valid and final judgment; (2) identity of the parties; and (3) an issue that has been actually litigated and determined if its determination was essential to the prior judgment. *Horrell v. Horrell*, 808 So. 2d 363, 373 (La. App. 1st Cir. 2000).

As to the first requirement, no party questions the validity of the Liability Judgment. But TBC, Oxy, and Vulcan urge differing legal positions as to the finality of the judgment. Although TBC contends that a judgment is final under Louisiana law once rendered, TBC concurs in Vulcan's suggestion that the motions for new trial pending in state court should be resolved before the judgment is given preclusive effect in this litigation. Oxy, on the other hand, takes the position that the judgment will not be final until all appeals are concluded.

---

[2] The statute embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). *Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.*, 880 So. 2d 129, 136 (La. App. 1st Cir. 2004). Thus, res judicata used in the broad sense has two different aspects: (1) foreclosure of relitigating matters that have never been litigated, but should have been advanced in the earlier suit; and (2) foreclosure of relitigating matters that have been previously litigated and decided. *Id.* (citing *Hudson v. City of Bossier,* 766 So. 2d 738, 743 (La. App. 2nd Cir. 2000)). The portion of La. R.S. § 13:4231 quoted above pertains to issue preclusion or collateral estoppel, which is the type of res judicata implicated in this case.

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 3 of 10

The Court is persuaded that TBC and Vulcan have the better argument under Louisiana law and that the Liability Judgment will be "final," *i.e.*, have preclusive effect in this matter, once the post-trial motions are decided by Judge Kliebert.[3]

The Court is not persuaded, however, that the pendency of the post-trial motions renders TBC's motion premature. TBC's motion (and the oppositions) present questions of law whose answers are unrelated to and unaffected by the substance of either the fault allocations themselves or the reasons for judgment. Regardless of what the "final" judgment says, all parties need to understand who will be bound by the final judgment and whether the accompanying reasons will have preclusive effect in this litigation. The Court therefore declines to shelve TBC's collateral estoppel motion pending the outcome of the state court post-trial motions.

The second requirement for issue preclusion is identity of the parties. Identity of parties does not mean that the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. *Hudson v. City of Bossier*, 766 So. 2d 738, 743–44 (La. App. 2nd Cir. 2000) (citing *Sun Finance Co., Inc. v. Jackson,* 525 So.2d 532 (La.1988); *Welch v. Crown Zellerbach Corp.,* 359 So.2d 154 (La.1978)). But the opportunity to be heard is an essential requisite of due process of law in judicial proceedings. *Id.* at 743. Giving conclusive effect to a prior judgment against one who is neither a party nor in privity with the party therein contravenes due process. *Id.* As a consequence, a judgment or decree among parties to a lawsuit

---

[3] The Court is unmoved by Oxy's judicial estoppel argument, which is grounded on TBC allegedly taking a contrary position in state court as to finality of judgments. The Court agrees with Vulcan's observation that "the law says what the law says" and even a prior inconsistent statement by a party cannot change it. (Rec. Doc. 1662, Vulcan's Supp. Resp. n.19).

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 4 of 10

resolves issues as among them, but it does not conclude the rights of strangers to those proceedings. *Id.* (citing *Richards v. Jefferson County,* 517 U.S. 793 (1996)).

It is beyond dispute that all of the parties in this matter who participated in the state court liability trial are bound by the judgment and have no right to relitigate in this court issues that were determined and essential to the judgment. As to those parties, this is true even if other parties in this federal litigation did not participate in the state court litigation. *See Williams v. Orleans Levee Dist.*, 31 So. 3d 1048 (La. 2010); *Meyers v. Nat'l Union Fire Ins. Co.*, 43 So. 3d 207 (La. App. 4th Cir. 2010).

The dispute as to the identify of parties requirement pertains to the plaintiffs in this matter.[4]

TBC maintains that the interests of the pipeline plaintiffs who prosecuted the state court action are closely aligned with the Sanchez plaintiffs, and that the pipeline plaintiffs adequately represented the Sanchez plaintiffs' interests. Both sets of plaintiffs filed suit to recover damages from the parties that caused the sinkhole. And like the Sanchez plaintiffs, the pipeline plaintiffs had settled with Oxy and Vulcan prior to trial and therefore went for broke, with help from Oxy and Vulcan, in trying to cast TBC with as much fault as possible. TBC points out that the pipeline companies were represented by some of the best law firms in the country, and that to retry liability would waste time, money, and judicial resources.

The Sanchez class plaintiffs oppose any effort to have the Liability Judgment apply to them because they did not participate in the Liability Trial. Plaintiffs contend

---

[4] The Sanchez plaintiffs are the only plaintiffs who responded to TBC's motion. Opt-outs from either the LeBlanc class or the Sanchez class may or may not oppose having the Liability Judgment apply to their claims.

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 5 of 10

that their claims and damages differ significantly from those of the pipeline plaintiffs that prosecuted the case in state court. Plaintiffs contend that they deserve their day in court to prove their case against TBC to a jury.[5] Oxy likewise has devoted a significant portion of its opposition to arguing that res judicata cannot be used to deprive the plaintiffs of their day in court because the identity of parties requirement is not satisfied as to them.[6]

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), this Court first looks to the final decisions of the Louisiana Supreme Court in order to determine Louisiana law. *Howe v. Scottsdale Ins. Co.*, 204 F.2d 624, 627 (5th Cir. 2000) (citing *Labiche v. Legal Sec. Life Ins. Co.*, 31 F.3d 350, 351 (5th Cir. 1994)). If the Louisiana Supreme Court has not ruled on an issue then a federal court must make an "Erie guess" to determine "as best it can" what the Louisiana Supreme Court would decide. *Id.* (quoting *Krieser v. Hobbs*, 166 F.3d 736, 738 (5th Cir. 1999)). In making an Erie guess in the absence of a ruling from the state's highest court, a federal court may look to the decisions of intermediate appellate state courts for guidance. *Id.* (citing *Matheny v. Glen Falls Ins. Co.*, 152 F.3d 348, 354 (5th Cir. 1998)).

---

[5] The Court singles out TBC because the Sanchez class settled with Oxy and Vulcan before Judge Kliebert's decision was released. Given that Judge Kliebert cast TBC with only 35 percent of the fault for the formation of the sinkhole, the Sanchez plaintiffs naturally want to avoid being bound by that determination should they proceed to trial against TBC in this forum.

[6] Oxy, as a party that had a full and fair opportunity to litigate the fault issue in state court, lacks standing to raise this argument on its own behalf in order to avoid the preclusive effect of the Liability Judgment. *See Williams v. Orleans Levee Dist.*, 31 So. 3d 1048 (La. 2010); *Meyers v. Nat'l Union Fire Ins. Co.*, 43 So. 3d 207 (La. App. 4th Cir. 2010). While Oxy's and the Sanchez plaintiffs' interests are aligned in opposing res judicata as to the Liability Judgment, the opt-out plaintiffs may or may not seek to give the Liability Judgment preclusive effect in their cases. *See id.*

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 6 of 10

Under Louisiana law, res judicata is at its nadir when applying it coercively against litigants who were not parties to the prior action and therefore never had the opportunity to litigate the issues.[7] That said, *Forum for Equality PAC v. McKeithen*, 893 So. 2d 738, 745 (La. 2005), is clear authority for the proposition that plaintiffs who did not participate in a prior action may be subject to res judicata when their interests are closely aligned with the plaintiffs from the first action and their interests were adequately represented. That decision nonetheless does not persuade the Court that the Louisiana Supreme Court would conclude that the pipeline plaintiffs' efforts in state court could deprive the Sanchez plaintiffs of their day in court.

The issue that was res judicata in *Forum for Equality* was whether a specific election satisfied the "statewide election" requirement of the Louisiana Constitution. This was a question primarily of law, not of fact. And the question of law had been decided in the first action by the same district judge who was presiding over the second action. Although a few new plaintiffs had joined the second action, the original plaintiffs from the first action were also plaintiffs in the second action, and appear to have been privies of the first set of activist plaintiffs.

The Liability Judgment is a determination primarily of fact, and it was made by a state district judge not by a jury in the Eastern District of Louisiana.[8] The trial was conducted without the participation of the Sanchez plaintiffs, who likewise have their

---

[7] On the other hand, non-parties may be able to use res judicata coercively against actual parties. *See Williams v. City of Marksville*, 839 So. 2d 1129 (La. App. 3rd Cir. 2003).

[8] TBC points out that *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), holds that collateral estoppel does not violate the Seventh Amendment's guarantee of a jury trial in federal court. But in *Parklane Hosiery* the party resisting collateral estoppel was an actual litigant in the prior non-jury proceeding.

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 7 of 10

own highly competent counsel. The state court trial involved business entities on both sides who sometimes make trial strategy decisions based on business concerns. The Court is not persuaded that the Sanchez plaintiffs must forfeit their opportunity for justice in this forum simply because the pipeline plaintiffs had a similar interest in casting TBC with as much fault as possible.

TBC relies upon *Meyers v. National Union Fire Insurance*, 43 So. 3d 207 (La. App. 4th Cir. 2010), but that decision did not involve a non-party to an earlier action faced with losing its right to litigate fault in a subsequent action. Rather, the appeal that produced that decision was taken by a defendant that had litigated fault in the first action and lost. *Id.* at 212 ("[The judgment on appeal sustains the exception only as to PHI and National Union."). That same defendant then sought to avoid collateral estoppel in the second action by arguing that collateral estoppel should not apply because different plaintiffs were involved. In fact, the plaintiffs in that case, who were not parties to the first action, were seeking to have collateral estoppel apply against the defendant. *Meyers* therefore provides no support for TBC's contention that the Sanchez plaintiffs are bound by the Liability Judgment. It does provide authority, however, for the proposition that parties like TBC, Oxy, and Vulcan are bound by the state court fault allocation even though the federal plaintiffs were not parties to the Liability Trial.

To be sure, relitigating fault in this Court will be expensive and time consuming and it may create additional delays in trying to set trial dates. But if the Sanchez plaintiffs (or any opt-out plaintiffs) choose to do so they will be given the opportunity to try their liability case to a federal jury.

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 8 of 10

The final requirement for collateral estoppel is that the issue must be one that has been actually litigated and determined in the prior action, and its determination must have been essential to the prior judgment. Clearly, the allocation of fault between TBC, Oxy, and Vulcan (and the lack of fault attributed to the oil company third party defendants) is an issue actually litigated and determined. TBC contends that the factual and legal determinations made in the Judge Kliebert's written reasons for judgment also have preclusive effect. Vulcan, on the other hand, contends that only the judgment itself has preclusive effect.

Res judicata is not limited to the four corners of a judgment or its decretal language. Once a valid, final judgment issues, collateral estoppel applies to any issue that has been actually litigated and determined in the prior action, if its determination was essential to the judgment. The cases cited by Vulcan do not support a contrary conclusion. The Court is by no means suggesting that every statement in Judge Kliebert's twenty pages of reasons satisfies the criteria for collateral estoppel but the reasons will surely be essential to determining whether issue preclusion is appropriate as to specific findings of fact and determinations of law.

Third party defendants Browning Oil Co., Colorado Crude Co., LORCA Corp., and Reliance Petroleum Corp. contend that the Liability Judgment should have preclusive effect *in their favor* because they were allocated no fault by Judge Kliebert. Those parties recently advised the Court that Judge Kliebert has denied the motions for new trial as to them and granted exceptions of res judicata. (Rec. Docs. 1683, 1684). Those parties' motions will therefore be granted subject to TBC's right to assert and pursue claims against Browning Oil Co., Colorado Crude Co., LORCA Corp., and

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 9 of 10

Reliance Petroleum Corp. should any of Judge Kliebert's rulings on liability be reversed on appeal.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Collateral Estoppel, Fault, and Liability (Rec. Doc. 1626)** filed by Texas Brine Co., LLC is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **First Motion for Summary Judgment on Issues of Res Judicata and Collateral Estoppel (Rec. Doc. 1633)** filed by Browning Oil Co., Colorado Crude Co., and LORCA Corp. is **GRANTED**. TBC's third party demands against these parties are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the **Cross Motion for Partial Summary Judgment on Issues of Res Judicata and Collateral Estoppel (Rec. Doc. 1639)** filed by Reliance Petroleum Corp. is **GRANTED**. TBC's third party demands against this party are **DISMISSED WITH PREJUDICE**

April 18, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Order and Reasons (Res judicata motions 1626 1633 1639)
Page 10 of 10