UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2059 & CONSOLIDATED CASES |
| TEXAS BRINE CO., LLC, ET AL. | SECTION A(5) |

**ORDER AND REASONS**
**[Ref: Sanchez, 13-5227]**

The following motion is before the Court: **Motion for Partial Summary Judgment on Plaintiffs' Restoration Claims (Rec. Doc. 1841)** filed by Texas Brine Co., LLC ("Texas Brine"). The Sanchez Class Plaintiffs oppose the motion. The motion, submitted upon receipt of Texas Brine's reply on November 5, 2018, is before the Court on the briefs without oral argument.

This matter pertains to the sinkhole that emerged in Assumption Parish on August 3, 2012. A bellwether damages trial is scheduled to commence on December 3, 2018 between the Sanchez Class Plaintiffs and Texas Brine (and its insurers).[1] The sole issue to be decided by the jury in the bellwether damages trial is the amount of damages sustained by each of the bellwether plaintiffs. The Sanchez Class and Texas

---

[1] The Sanchez class includes any person or entity who was, at the time of the Sinkhole Occurrence, owner of, and any person or entity holding the right to sue on behalf of owners of, uninhabited land, including land with camp or structures that are not occupied as permanent residences, within a two mile radius of the Center of the Sinkhole. (Rec. Doc. 1648, Motion for Preliminary Approval of Proposed Settlement at 2).

Brine agreed that the two bellwether plaintiffs would be Michael Landry, a co-owner of the Edward Hebert tract (the "Hebert" tract) and Peggy Saizon, the owner of the "Saizon" tract.

Plaintiffs allege *inter alia* that brine mining activities caused their land to subside. One element of damages that Plaintiffs seek is the cost to restore their land to its pre-2012 condition. According to Plaintiffs' geological expert, the Hebert and Saizon tracts experienced several inches of subsidence, which the expert attributes to the operation of the OG3 well over the years. The cost estimate to restore the Hebert tract ranges from $1.6 to $2.1 million, and the cost estimate to restore the Saizon tract ranges from $2.4 to $3.2 million.

According to Texas Brine, these cost estimates vastly exceed the value of the properties as determined by the parties' expert appraisers, thereby triggering the requirement under Louisiana law that the plaintiffs demonstrate "reasons personal to the owner" for restoring the property. Texas Brine argues that the bellwether plaintiffs' deposition testimony demonstrates that they cannot meet that burden. Texas Brine therefore moves for partial summary judgment on the bellwether plaintiffs' claim for restoration costs.

Under Louisiana law, when a person sustains property damage due to the fault of another, he is entitled to recover damages, including the cost of restoration that has been or may be reasonably incurred, or at his election, the difference between the value of the property before and after the harm. *Roman Catholic Church of the Archdiocese of New Orleans v. La. Gas Serv. Co.*, 618 So. 2d 874, 879 (La. 1993). If the cost of restoring the property to its original condition is disproportionate to the value of the

property or economically wasteful, however, unless there is a reason "personal to the owner" for restoring the original condition or there is a reason to believe that the plaintiff will in fact make the repairs, damages are measured only by the difference between the value of the property before and after the harm. *Id.* at 879-80. In choosing between the cost of repair measure and some other measure of damages, it is important to know how the property is used and what interest in it is asserted, so that the measure can be adopted that will afford compensation for any legitimate use that the owner makes of his property. *Roman Catholic Church*, 618 So. 2d at 880.

The Court is called upon to determine whether the jury should be allowed to determine whether the bellwether plaintiffs are entitled to restoration damages. The Court is persuaded that the claim should be determined by the jury, whose role will be to judge credibility and weigh the evidence. Rather than risk error excluding the claim based on the results of Plaintiffs' discovery depositions, the Court's preferred approach is to allow the jury to determine whether Plaintiffs are entitled to restoration damages, after which Texas Brine may elect to challenge the award based on sufficiency of the evidence presented at trial. The trier of fact is given much discretion in the assessment of damages. *Williams v. City of Baton Rouge*, 731 So. 2d 240, 249 (La. 1999). If the jury makes no award (or limits the award to diminution in market value) then the issue is a moot one. Furthermore, the purposes of conducting bellwether proceedings would be better served by allowing the claim to go to the jury.[2]

Accordingly, and for the foregoing reasons;

---

[2] Texas Brine points out in its reply that Mr. Bryan Woodward, who Plaintiffs refer to in their opposition, is not listed as a trial witness. No witness will be allowed to testify unless his/her name appears on the witness list.

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Plaintiffs' Restoration Claims (Rec. Doc. 1841)** filed by Texas Brine Co., LLC is **DENIED**.

November 9, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE