UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2059 & CONSOLIDATED CASES |
| TEXAS BRINE CO., LLC, ET AL. | SECTION A(5) |

### ORDER AND REASONS
### [Ref: Sanchez, 13-5227]

The following motion is before the Court: **Motion to Exclude Opinion and Testimony of Appraisal Experts (Rec. Doc. 1837)** filed by Texas Brine Co., LLC ("Texas Brine"). The Sanchez Class Plaintiffs oppose the motion. The motion, submitted upon receipt of Texas Brine's reply on November 5, 2018, is before the Court on the briefs without oral argument.

This matter pertains to the sinkhole that emerged in Assumption Parish on August 3, 2012. A bellwether damages trial is scheduled to commence on December 3, 2018 between the Sanchez Class Plaintiffs and Texas Brine (and its insurers).[1] The sole issue to be decided by the jury in the bellwether damages trial is the amount of damages sustained by each of the bellwether plaintiffs. The Sanchez Class and Texas

---

[1] The Sanchez class includes any person or entity who was, at the time of the Sinkhole Occurrence, owner of, and any person or entity holding the right to sue on behalf of owners of, uninhabited land, including land with camp or structures that are not occupied as permanent residences, within a two mile radius of the Center of the Sinkhole. (Rec. Doc. 1648, Motion for Preliminary Approval of Proposed Settlement at 2).

12-2059, *LeBlanc v. Texas Brine Co., LLC, et al.*, and consolidated cases
Sanchez Class Bellwether Trial (1837)
Page 1 of 3

Brine agreed that the two bellwether plaintiffs would be Michael Landry, a co-owner of the Edward Hebert tract (the "Hebert" tract) and Peggy Saizon, the owner of the "Saizon" tract.

Texas Brine moves to exclude any testimony and evidence from Plaintiffs' expert appraisers, Stephen A. Cowan IV and Andrew J. Marshall, Jr. ("the Appraisers"). Texas Brine contends that their opinions are not reliable pursuant to *Daubert* principles because they offered an opinion as to a "damage value."[2] Texas Brine argues that "damage value" is essentially a concept that these appraisers invented, and that it is not part of the Uniform Standards of Professional Appraisal Practice ("USPAP"). Texas Brine complains that the appraisers fail to provide any information on what "damage value" means.

Notwithstanding Texas Brine's legitimate concerns, the Court will allow the Appraisers to testify at trial and to present their opinions to the jury. The Assumption Parish sinkhole is arguably unique in terms of the damage that it caused to the surrounding community, and the Appraisers will surely be called upon to explain to the jury why they declined to employ a simple "before and after" analysis. Mr. Bennet E. Oubre, Texas Brine's expert appraiser, traversed the Appraisers' report and his testimony at trial will allow the jury to properly determine the weight, if any, to give to the Appraisers' opinions. Furthermore, the purposes of conducting bellwether proceedings would be better served by allowing the jury to hear and evaluate Plaintiffs' experts.

Accordingly, and for the foregoing reasons;

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

**IT IS ORDERED** that the **Motion to Exclude Opinion and Testimony of Appraisal Experts (Rec. Doc. 1837)** filed by Texas Brine Co., LLC is **DENIED**.

November 9, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE