```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| LISA LeBLANC, ET AL | CIVIL ACTION NO.: 12-2059 C/W |
| | 12-2246, 12-2354, 12-2363, 12-2611, |
| VS. | 13-4952, 13-5016, 13-5045, 13-5227, |
| | 13-5408, 13-5549 & 13-5563 |
| TEXAS BRINE, COMPANY, LLC | |
| ET AL | SECTION: "A"(5) |
| | |
| *This pleading relates to*: | Hon. Jay Zainey, Judge |
| *Brown, No. 13-5449 and* | Michael North, Magistrate Judge |
| *Landry, No. 13-5793* | |
| | This pleading applies to the claims of Elaine Dupre and Dennis Landry, Inc., only |

**PLAINTIFFS, ELAINE H. DUPRE and DENNIS LANDRY, INC., MOTION TO RESET TRIAL SCHEDULE AND TRIAL DATE AND CUTOFFS**

COMES NOW, BEFORE THE COURT, plaintiffs Elaine H. Dupre, (Dupre) through Harley M. Brown, and Dennis Landry, Inc., (Landry) through Sidney Marchand, III, who move to re-set the April 15, 2020, trial date, and respective cutoff dates, respectfully showing:

1.

Movers are property owners proximate to the sinkhole that occurred at Texas Brine Company's (TBC) failed salt dome.

2.

Movers originally brought suit in state court. Dupre filed suit May 30, 2013[1], and Landry filed suit May 29, 2013[2]. Both were

---

[1] Civil Action No: 34,275; Div. "C", 23rd Judicial District Court, Parish of Assumption

[2] Civil Action No: 34,271; Div. "E", 23rd Judicial District Court, Parish of Assumption

removed to federal court by the defendant, Texas Brine Company, LLC, (TBC), for consolidation into the above captioned matter on the docket of the United States District Court, Eastern District of Louisiana[3].

3. CLASS MEMBERSHIP

A.  By order of the Court, Dupre was designated a member of the LeBlanc class of plaintiffs. (Case 2:12-CV-02059, Doc. 358, pg 3, Order of Preliminary Approval of Proposed Settlement; See also Case 2:12-CV-02059, Doc. 367-1, pg 8, § 6 & 7, Exhibit 1 to Order Approving Notice Plan and Scheduling, *Who is in the Settlement*.)

B.  Landry was NOT a member of the LeBlanc class of plaintiffs, and was, over its objection, specifically excluded from the Sanchez class of plaintiffs.

4. OPT OUT

Mover, Dupre, timely opted out of the LeBlanc Class.

5.

A.  Dupre opted out because the terms of the class settlement required "each Class member shall sell and deliver Class member's immovable property within the Area, together with all buildings and improvements thereon and all right's ways, easements, servitudes and appurtenances

---

[3] Civil Action No: 2:13-CV-05549, c/w 12-2246, 12-2354, 12-2363, 12-2611, 13-4952, 13-5016, 13-5045, 13-5227, 13-5408, 13-5549 & 13-5563, See Doc. 1

    thereunto belonging or in anywise appertaning to TBC"[4].

B. Landry was excluded as a member of both the LeBlanc and the Sanchez class plaintiffs.

6.

Certain plaintiffs, (the *Labarre Plaintiffs*) were remanded to Louisiana state court, where a trial ensued before Hon. Thomas Kliebert, Judge, 23rd Judicial District Court, Parish of Assumption.

7.

During the pendency of this matter, the defendant, TBC, faced a multitude of claims, from many plaintiffs, and the trial court set multiple bellwether trial dates for the several different class of plaintiffs' claims against TBC, and there was one trial conducted in State Court. TBC participated in all of these, mover did not.

8.

During the pendency of this matter, Dupre and Landry's claims were not addressed by TBC.

9.

During the pendency of the matter, other adjacent property owners' claims flowing from the sinkhole were addressed and resolved by TBC, to wit:

A. The LeBlanc class plaintiffs' claims were settled through a class action settlement.

---

[4] Settlement Agreement, Doc. 352-1, §8.12, pg 28.

B.   The LaBarre class plaintiffs' claims were tried before the state court; and

C.   The Sanchez plaintiffs' claims were settled *in globo*.

D.   The Landry individual homeowner claims were settled in the fall of 2019.

10.

In status conference, this Court has consistently instructed the parties to make efforts to resolve movers claims, and even scheduled the parties for mediation with Magistrate North[5].

11.

The trial court set a magistrate's settlement conference on September 14, 2018, in which TBC refused to address Movers' claims.

A.   TBC advised Dupre her property was not within the LeBlanc class of plaintiffs and continued to refuse to engage in settlement discussion[6] with Dupre.

B.   TBC advised Landry its claims would not be addressed at the magistrate settlement conference, and has *refused* to engage in *any* settlement discussions.

12.

On information and belief, over the years since the "sinkhole" occurred, TBC has conducted hundreds of property appraisals in the affected area, furnishing those appraisals to Special Master, A. Shelby Easterly, the homeowners and claimants as a basis, guide and

---

[5] See minutes: Doc 1335, 01-03-2071; Doc 1466, 04-04-2017

[6] At the status conference before the trial court on October 24,2019, Dupre requested and received a stipulation from TBC on the record that Dupre was a LeBlanc class plaintiff. See minutes Doc. 2187, pg 2.

starting point for settlement.  TBC has only recently started to have the subject Dupre and Landry properties appraised with the first site visits by TBC's appraiser on December 23, 2019.

13.

Counsel for Landry and Dupre have interviewed, but not yet retained, several appraisers to give their expert opinions as to damages, including "stigma" damages.  These appraisers have expressed that to do so may require, beyond what is needed for a standard appraisal, additional studies and surveys of the area, with the corresponding increase in time needed to complete and significantly higher costs.

14.

Once TBC's appraisals are completed and furnished to the movers, these appraisals may lead to resolution of the claims without the substantial costs of further extensive appraisals.

15.

Mover would additionally show the defendant, TBC, has deep pockets and multiple layers of insurance, while movers are single individuals with no large reserves or insurers providing coverage for the extensive and costly litigation that followed the sinkhole on TBC's property.

16.

Until the recent settlement of all claims, save and except Movers' claims, the movers' operated under the impression the trial

court would order TBC to participate in meaningful settlement discussions, including a magistrate settlement conference, prior to setting a trial date.

17.

If the Court is not going to Order for the parties to engage in settlement discussions, Dupre and Landry suggest that the Case Management Order be revised to set forth the following prior to setting a trial date, to wit:

A. Plaintiffs shall identify all witnesses, other than their appraisers, by January 15, 2020, and identify their appraisers within 15 days of being provided with Texas Brine's appraiser's report;

B. Texas Brine shall identify all of its witnesses by Jan. 31, 2020;

C. Plaintiffs shall produce all of their expert witness reports, other than those of its appraisers, by January 31, 2020, and production of appraisal reports within 60 days of being provided with the report of the appraisal now being conducted by Texas Brine;

D. Texas Brine shall produce all expert witness reports by Feb. 15, 2020, other than that of the appraisal now being conducted which shall be produced within 15 days of its completion;

E. The deadlines and dates for motions, pre-trial conference, pre-trial order, and trial be continued and to be reset after the above dates have passed.

WHEREFORE, movers, Elaine H. Dupre and Dennis Landry, Inc., respectfully request:

I. The Court reset the trial date, and cutoff dates, to allow Movers additional time to prepare for a trial before the Court; and

II.  The Court adopt the proposed schedule, A-E, prior to setting these matters for trial.

RESPECTFULLY SUBMITTED:

| | |
|---|---|
| */s/ Harley M. Brown* | */s/ Sidney A. Marchand, III* |
| Harley M. Brown, Bar #17926 | Sidney Marchand, III, Bar #9258 |
| for Elaine Dupre | for Dennis Landry, Inc. |
| 854 Main Street | 320 Chetimcaches Street |
| Baton Rouge, LA 70802 | Donaldsonville, LA 70346-0669 |
| Tel: (225) 336-0353 | Tel: 473-3811 |
| Fax: (225) 336-0365 | 473-1607 |
| hmbrownaplc@bellsouth.net | sidney@sam3alc.brcoxmail.com |

**CERTIFICATE OF SERVICE AND ELECTRONIC FILING**

I hereby certify that a copy of the above and foregoing has been electronically filed with the Court and served on all counsel via the Court's ECF filing system this 3rd day of January, 2020.

*/s/ Harley M. Brown*
Harley M. Brown, LSBA #17926