UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA T. LEBLANC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2059 & CONSOLIDATED CASES |
| TEXAS BRINE CO., LLC, ET AL. | SECTION A(5) |

**ORDER AND REASONS**
**[Ref: All cases]**

The following related motions are before the Court: **Motion for Partial Summary Judgment Regarding Texas Brine's Fraud and Misrepresentation Claims (Rec. Doc. 2379)** filed by Legacy Vulcan, LLC f/k/a Legacy Vulcan Corp. (hereinafter "Vulcan"); **Motion to Stay Consideration of Motion for Partial Summary Judgment Regarding Texas Brine's Fraud and Misrepresentation Claims, or Alternatively, Motion to Abstain (Rec. Doc. 2386)** filed by Texas Brine Co., LLC (hereinafter "Texas Brine"). Both motions are opposed. The motions, submitted for consideration on November 11, 2020, are before the Court on the briefs without oral argument.[1]

This consolidated litigation began on August 10, 2012, when Plaintiffs in the master case sued Texas Brine for damages arising out of the emergence of a sinkhole on August 3, 2012, in the Bayou Corne area of Assumption Parish (hereinafter "the Sinkhole"). During the thirty years prior to the emergence of the Sinkhole, Texas Brine

---

[1] Oral argument has been requested but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

Case 2:12-cv-02059-JCZ-MBN   Document 2421   Filed 11/24/20   Page 2 of 7

operated a brine well, known as the Oxy Geismar #3 Well, to produce brine from the Napoleonville Salt Dome in Assumption Parish, Louisiana. The brine was supplied to Vulcan (as well as Occidental Chemical Corporation) for use at its plant in Geismar, Louisiana. Texas Brine brought Vulcan into this litigation via a third-party demand, and over the course of the litigation Texas Brine was granted leave to amend its third-party complaint against Vulcan. In 2016, Texas Brine asserted claims for fraudulent and negligent misrepresentation against Vulcan (Rec. Docs. 1264 & 1265)—the crux of those allegations is that the Sinkhole was caused, at least in part, by Vulcan's failure over the course of many years to share important information and data with Texas Brine regarding the risks associated with the Oxy Geismar #3 Well (before, during, and after the drilling of it).

The emergence of the Sinkhole spawned litigation not only in federal court but also in state court in Assumption Parish. According to Vulcan, Texas Brine asserted equivalent claims against Vulcan in the various Assumption Parish lawsuits. While this Court has worked to resolve nearly all of the claims of the homeowners and landowners who were damaged by the emergence of the Sinkhole, the cause of, or liability for, the emergence of the Sinkhole has not been tried in this federal litigation. Instead, Texas Brine, Vulcan, and other parties participated in a three-week bench trial ("the Liability Trial") before the Honorable, Thomas J. Kliebert, Jr., Judge—23rd Judicial District Court, Parish of Assumption, for the purpose of determining what caused the Sinkhole to form and which parties were at fault for its formation. On December 21, 2017, Judge Kliebert issued written reasons and a final judgment ("the Liability Judgment") that apportioned

Page 2 of 7

fault for the Sinkhole: Oxy Entities 50% of fault; Texas Brine 35% of fault; Vulcan 15% of fault.

In 2018 the parties filed motions before this Court regarding the res judicata effect of the Liability Judgment on the consolidated cases in this federal litigation. Applying Louisiana law to determine the preclusive effect of the Liability Judgment, the Court explained that all of the parties who participated in the state court Liability Trial are bound by the judgment and have no right to relitigate in this federal litigation issues that were determined and essential to the Liability Judgment. (Rec. Doc. 1698, Order and Reasons dated 4/18/18 at 5).

Even though Judge Kliebert issued his liability ruling nearly three years ago, and even though this Court issued its res judicata ruling over two and a half years ago, Vulcan now moves for partial summary judgment on Texas Brine's fraud and misrepresentation claims contending that res judicata bars those claims in this Court. Judge Kliebert never mentioned fraud or misrepresentation in his extensive reasons for judgment, but Vulcan contends that the state court's silence as to Texas Brine's fraud and misrepresentation contentions demonstrates that those claims were in fact rejected.[2] Vulcan contends that because the stated purpose of the 2017 state court trial was to determine the liability of the parties under *any* theory of recovery, the state court's findings—which did not expressly impose any liability on Vulcan based on

---

[2] The Court's initial reaction to Vulcan's motion was to question its timing given that the Liability Judgment and this Court's res judicata ruling are not recent events, and as noted later in this opinion, the parties' appeal of the Liability Judgment remains pending and may be resolved any day now. In its briefing Vulcan has noted that on September 22, 2020, less than one month before Vulcan filed its motion for partial summary judgment, Texas Brine argued in state court that res judicata *should* apply where the court's reasons for judgment were silent on an issue.

evidence of fraud or misrepresentation—necessarily forecloses the possibility that Texas Brine proved its fraud/misrepresentation claims against Vulcan. Vulcan argues that Texas Brine should not be given a second bite at the apple by relitigating those same claims in this Court. [3]

Under Louisiana law, res judicata requires among other things that an issue has been actually litigated and determined if its determination was essential to the prior judgment. (Rec. Doc. 1698, Order and Reasons dated 4/18/18 at 3). Texas Brine contends that Vulcan cannot establish that this aspect of res judicata is satisfied so as to allow this Court to conclude that Texas Brine is precluded from pursuing its fraud and misrepresentation claims in this litigation. Texas Brine stresses that the Liability Judgment does not refer to the fraud and misrepresentation claims anywhere in the extensive reasons provided by the judge notwithstanding that Judge Kliebert was unquestionably aware of those claims because he had held a hearing on Vulcan's motion for summary judgment on Texas Brine's fraud/misrepresentation claims shortly before trial in 2017.

Aside from disputing whether Vulcan has demonstrated that the legal requirements for res judicata are met here, Texas Brine questions why Vulcan has asked this Court to interpret the preclusive scope of the Liability Judgment vis à vis the

---

[3] To be clear, Vulcan's motion for partial summary judgment does not seek a determination as to the merits of Texas Brine's fraud and misrepresentation claims in this Court, or more accurately whether Texas Brine can adduce evidence sufficient to create an issue of triable fact on those allegations. (Rec. Doc. 2407, Vulcan's Reply at 5). Vulcan's motion is based solely on principles of res judicata related to the state court Liability Judgment. Prior to the Liability Trial, Vulcan moved for summary judgment on Texas Brine's fraud and misrepresentation claims in state court. Judge Kliebert denied the motion concluding that the issue was far too fact-intensive to determine on summary judgment. (Rec. Doc. 2399-22, Exhibit 19 transcript).

fraud/misrepresentation claims without first asking Judge Kliebert to do that. After all, Judge Kliebert considered the claims on summary judgment (which he denied), presided over the multi-week Liability Trial, which involved hundreds of exhibits, and then issued and authored the Liability Judgment, the supporting reasons for which are over 20 pages in length. Texas Brine suggests that Vulcan is simply trying to do an end-run around Judge Kliebert, who is in the best position to determine whether Texas Brine's fraud/misrepresentation claims were merged into the Liability Judgment and therefore barred from future litigation. Texas Brine urges this Court to stay Vulcan's motion for partial summary judgment until such time as Vulcan brings the issue before Judge Kliebert for consideration.

Moreover, Texas Brine stresses that appeals to the Louisiana First Circuit Court of Appeal were taken by all parties held liable and those appeals remain pending at this time. Oral argument was completed in two of the appeals, which are now fully submitted and awaiting disposition. (Rec. Doc. 2379-1, Vulcan Memo in Support at 6 n.20). According to Texas Brine, the First Circuit could issue a ruling on the appeals under submission any day now thereby possibly altering the res judicata effect of the Liability Judgment. (Rec. Doc. 2386, TBC Motion at 1-2). Thus, even though the Liability Judgment became final for purposes of res judicata after Judge Kliebert decided the parties' post-trial motions, (Rec. Doc. 1698, Order and Reasons dated 4/18/18 at 4), Texas Brine suggests that it would make little sense for this Court to entertain Vulcan's res judicata motion at this time.

Texas Brine's arguments strike a persuasive chord with the Court because Vulcan invites this Court to say <u>in the first instance</u> whether the issue of

fraud/misrepresentation was "actually litigated" at the Liability Trial. This Court could conceivably review the extensive state court record (including what Texas Brine has argued in its appellate briefs) to form an opinion as to what issues the parties actually litigated, and then speculate as to what the presiding judge in the state court intended when he did not affirmatively award relief on or expressly reject Texas Brine's fraud and misrepresentation claims. And this Court may be compelled to do just that at some point in time because as Vulcan has pointed out, only this Court can decide whether the claims before it in federal court are barred by res judicata.[4] (Rec. Doc. 2407, Vulcan's Reply at 4). But given that Judge Kliebert has not been given the opportunity to determine whether Texas Brine's state court fraud and misrepresentation claims remain viable after the Liability Judgment—claims that mirror the fraud and misrepresentation claims alleged in this federal litigation—and given that the parties' appeals to the First Circuit remain under submission, the Court agrees with Texas Brine's suggestion that now is not the time.

Finally, Vulcan points out that Judge Kliebert is without jurisdiction to revisit his prior ruling while it remains on appeal. (Rec. Doc. 2407, Vulcan's Reply at 4-5). Texas Brine, on the other hand, disputes that the status of the appeal(s) leaves Vulcan with no avenues for relief in state court (Rec. Doc. 2416, Texas Brine's Sur-Reply at 2-3). This Court remains persuaded that whether Vulcan waits for the appeal(s) to conclude before seeking relief, or moves for some form of relief that does not specifically require

---

[4] This Court would be bound to apply the same legal standards to the res judicata determination that the state court would apply because Louisiana law governs the preclusive effect that Judge Kliebert's ruling will have in this federal litigation. Because Texas Brine's claims in state court mirror the claims at issue in this case, this Court, while not bound by any determination that Judge Kliebert' might make with respect to res judicata, would be hard pressed not to follow it.

"revisiting" the Liability Judgment, Vulcan should at least attempt to bring its contentions regarding the scope of the claims actually litigated to Judge Kliebert for consideration in the first instance before asking this Court to determine the Liability Judgment's res judicata effect on the fraud and misrepresentation claims pending before this Court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment Regarding Texas Brine's Fraud and Misrepresentation Claims (Rec. Doc. 2379)** filed by Legacy Vulcan, LLC f/k/a Legacy Vulcan Corp. is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that THE **Motion to Stay Consideration of Motion for Partial Summary Judgment Regarding Texas Brine's Fraud and Misrepresentation Claims, or Alternatively, Motion to Abstain (Rec. Doc. 2386)** filed by Texas Brine Co., LLC is **DENIED AS MOOT**.

November 23, 2020

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE